WESTERN SUGAR REFINING CO. v. HELVETIA SWISS FIRE INS. CO.

(Circuit Court, N. D. California. June 8, 1908.)

No. 14,577.

1. PRINCIPAL AND AGENT — UNDISCLOSED PRINCIPAL — WRITTEN INSTRUMENT— SPECIALTY.

The rule permitting a party to sue an undisclosed principal on a written instrument does not apply where the instrument is a specialty.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, § 516.]

2. INSURANCE—POLICY—CONSTRUCTION—CAPITAL AND FUNDS—LIABILITY.

An insurance policy provided that the capital stock and funds of insurer specified should be alone answerable to the demands thereon, and that no member or stockholder of the company should be subject or liable to any demands against the company on any act or pretense whatsoever beyond his share of the capital stock or funds of the company; anything contained in the policy to the contrary notwithstanding. Held, that such provision not only exonerated the stockholders of the company executing the policy from any and all claims thereunder, but limited the insured to the capital stock and funds of the insurer named for the payment of losses.

3. PRINCIPAL AND AGENT—UNDISCLOSED PRINCIPAL.

Where a policy executed by an insurance company provided that its capital stock and funds should alone be answerable to the demands thereon under the policy, and that no member or stockholder of the company should be liable to any demands against the company beyond the shares of his capital stock, or funds of the company, no recovery could be had by insured on such policy against defendant, another insurance company, under the rule permitting one party to a written contract to sue a third

person whose name does not appear thereon as a party, as an undisclosed principal; that rule being subject to the paramount rule that the express terms of a writing cannot be varied by parol.

Morrison, Cope & Brobeck, for plaintiff.
T. C. Van Ness, for defendant.

VAN FLEET, District Judge (orally).   In this case the plaintiff seeks to apply the doctrine of undisclosed principal to a contract of insurance.

The action is based upon three certain policies of fire insurance, issued by the Rhine & Moselle Fire Insurance Company to the plaintiff, and copies of these policies are attached to the complaint and made a part thereof.   Although these policies were issued by the Rhine & Moselle Fire Insurance Company, whose name alone appears as the insurer, plaintiff sues the defendant, the Helvetia Swiss Fire Insurance Company, alleging that the latter was the undisclosed principal of the Rhine & Moselle Fire Insurance Company, which company, it is alleged, acted merely as the agent of this defendant in the transaction, and that therefore plaintiff is entitled to proceed directly against this defendant.   The defendant has demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, and it is argued, in support of its demurrer, that a policy of fire insurance, while not technically a common-law specialty, is nevertheless a mercantile specialty, and that therefore the plaintiff cannot proceed against this defendant as the undisclosed principal of the Rhine & Moselle Fire Insurance Company, for the reason that the doctrine allowing a party to sue an undisclosed principal to a written instrument, executed in the name of the agent, does not apply in a case where the written instrument is a specialty.

It is, no doubt, true that the rule of law permitting a party to sue the undisclosed principal to a written instrument does not apply where such a written instrument constitutes a specialty, but while it is true, as stated by Mr. Justice Shiras, in Assur. Co. v. Building Association, 183 U. S. 308, 325, 22 Sup. Ct. 133, 46 L. Ed. 213 (quoting from Parker, C. J., in Higginson v. Dall, 13 Mass. 96), that "policies, though not under seal, have nevertheless ever been deemed instruments of a solemn nature and subject to most of the rules of evidence which govern in the case of specialties," it is doubtful if such a contract is to be regarded as a specialty within the limitation of the rule under consideration.   At least no case has been called to my attention which has gone to the extent of giving it that character.   It is unnecessary, however, to decide this particular question, as the demurrer must be sustained upon another ground.

The rule of law permitting one party to a written contract to sue a third party whose name does not appear on such contract as a party thereto as the undisclosed principal of the contracting party whose name does appear therein is subject to the paramount rule that the express terms of a writing cannot be varied by parol.   Humble v. Hunter, 12 Q. B. 10; Graves v. Insurance Co., 2 Cranch, 419, 2 L. Ed. 324.

The policies of insurance which are attached to and made a part of the complaint all contain the following express provision:

"Provided always, and it is hereby expressly agreed and declared and the true intent and meaning thereof is that the capital stock and funds of the said company shall alone be answerable to the demands thereupon under this policy; and that no member or shareholder of the said company shall be subject or liable to any demands against said company upon any account or pretense whatsoever beyond his share of the capital stock or funds of the said company, anything contained in this policy to the contrary notwithstanding."

Plaintiff contends that the effect of this provision is merely to exonerate the stockholders of the Rhine & Moselle Fire Insurance Company from any claim under the policy; but to limit the effect of this provision in this way would be to ignore its plain terms. This provision not only exonerates the stockholders of the Rhine & Moselle Fire Insurance Company from any claims under the policy, but it expressly provides for very much more than this, to wit:

"That the capital stock and funds of the said company shall alone be answerable to the demands thereupon under this policy."

There is therefore an express provision in the written contracts sued on that the Rhine & Moselle Fire Insurance Company, the insurer that issued the policies and whose name alone appears thereon, shall alone be held for any claims arising thereunder. In order, therefore, for the plaintiff to proceed against this defendant as the undisclosed principal of the Rhine & Moselle Fire Insurance Company, the provision of the policies hereinbefore referred to would have to be ignored, and the plaintiff permitted to violate the rule that the express terms of written instruments cannot be varied by parol evidence. This cannot be done, for it is well settled that the rule allowing an undisclosed principal to be sued is subservient to the rule that writings cannot be varied by parol.

Defendant's demurrer must therefore be sustained, and it is so ordered.