**(91 South. 297)**

**No. 24459.**

**SLADOVICH v. GLASER.**

(Feb. 27, 1922. Rehearing Denied by Division C. April 3, 1922.)

*(Syllabus by Editorial Staff.)*

**1. Pleading ⊜⇒312—Written contract annexed to petition controls allegations of petition.**

A written contract for the sale of real estate, annexed to a petition for the specific performance thereof, controls the allegations of the petition itself as to the parties to the contract.

**2. Evidence ⊜⇒459(2)—Parol evidence is inadmissible to show party signing contract as owner was agent for undisclosed principal.**

Where a written contract for the sale of land was signed by the vendor as owner, parol evidence was inadmissible to show that he made the contract as agent for an undisclosed principal.

**3. Principal and agent ⊜⇒138—Mandate; purchaser can withdraw from executory contract on learning person signing as owner was agent.**

A purchaser can withdraw from an executory contract for the purchase of real estate on learning that the other party who signed the contract as owner was in fact the agent for an undisclosed principal, especially where

the undisclosed principal was a minor emancipated only by marriage, and not shown to be relieved of the incapacity to make a conventional sale, under Civ. Code, arts. 379–388.

**4. Vendor and purchaser ⬅114—Sales; purchaser's dealings with property before learning of undisclosed agency do not estop repudiation on that ground.**

The fact that the purchaser took possession of the property, recorded the contract for purchase, and applied for a loan on the property, before learning that the person signing as owner was agent for an undisclosed principal, does not estop her from repudiating her contract on that ground· immediately after learning the facts.

**5. Appeal and error ⬅1144—Plaintiff held· not entitled to remand to amend pleadings.**

Where an exception of no cause of action was sustained to a petition for performance of a contract for the sale of land because it appeared that the party signing the contract as owner was the agent for plaintiff as an undisclosed principal, the· plaintiff had no cause or right of action which he truthfully might allege, so that he is not entitled to remand to permit him to amend his petition.

Appeal from Civil District Court, Parish of Orleans; H. C. Cage, Judge.

Suit by George Sladovich, Jr., against Mrs. M. Glaser for the execution of a contract for the sale of real estate. From a judgment sustaining an exception of no cause of action and dismissing the suit, plaintiff appeals. Affirmed.

George Sladovich and W. O. Hart, both of New Orleans, for appellant.

Morris B. Redmann, of New· Orleans, for appellee.

By Division B, composed of Justices O'NIELL, LAND, and BAKER.

O'NIELL, J. Plaintiff sued to compel the execution of an alleged contract on the part of defendant to buy certain real estate from him. He alleged that he was "emancipated and married"; from which it may be inferred that he is a minor, emancipated by marriage. He annexed to his petition a docu-

ment purporting to be a contract between defendant and George Sladovich. He also claimed $10,000 damages alleged to have been suffered in consequence of defendant's refusal to carry out the contract. In a supplemental petition, he alleged that the George Sladovich who had signed the contract had acted as his agent. He did not allege, however, that he had given a written power of attorney, or written authority, to sell the property. In this supplemental petition, he claimed the $10,000 damages only in the alternative, that is, in the event the court should not compel performance of the contract.

Defendant filed an exception of no cause or right of action. Thereafter, and before the exception was acted upon, plaintiff filed, without further pleading or explanation, a document dated previous to the contract sued on, and purporting to be a power of attorney from George Sladovich, Jr., to George Sladovich, Sr., authorizing the latter to sell the property on such terms as he might deem proper. The exception of no cause of action was sustained, and the suit was dismissed. Plaintiff has appealed.

[1-3] The contract sued on is in the form of an offer to buy the property, addressed to a real estate agency, and signed by Mrs. M. Glaser. The offer was accepted by George Sladovich, not as agent for an undisclosed principal, but as owner of the property, viz.: "I, the owner of the above property, accept the above offer," etc. [Signed] George Sladovich. This instrument, being annexed to and made part of the petition, controls the allegations of the petition itself. The admission in plaintiff's supplemental petition, that the George Sladovich who signed the contract as owner of the property was not in fact the owner of it, and is not the same George Sladovich who brought this suit, is a denial of a cause or right of action. Parol evidence would not be admissible to contra-

dict the statement that the senior George Sladovich acted in the capacity of owner of the property, or to prove that he was acting in the capacity of agent for an undisclosed principal. Having contracted only with the senior George Sladovich as owner of the property, defendant had ·the right to refuse to deal with any one else as owner of the property, so long as her contract remained executory. There are substantial reasons why she might not have·been willing to buy the property from George Sladovich, Jr., if she had known that he owned it. She might not have been satisfied with his personal warranty or guaranty of title. Moreover, as far as the petition discloses, George Sladovich, Jr., was a minor, emancipated only by marriage, and not relieved of the incapacity of a minor to make a conventional sale. Rev. Civ. Code, arts. 379 to 388. Whatever may have been defendant's reason for being unwilling to buy the property from George Sladovich, Jr., the only and sufficient reason why she cannot be compelled to buy from him is that she did not obligate herself to buy from him.

[4] Plaintiff has filed in this court a plea of estoppel, alleging that defendant took possession of the property, recorded the contract sued on, and applied to a homestead association for a loan on the property. There are several letters annexed to plaintiff's petition, showing that defendant withdrew her offer to buy the property, when she learned that the George Sladovich with whom she had contracted did not own it. Her conduct, in recording her contract, taking possession of the property, and negotiating for a loan upon it, under the belief that she had contracted with the owner of it, did not estop or prevent her from withdrawing her offer when she learned that the party with whom she had contracted was not the owner of the property.

[5] It was suggested in the argument of counsel for appellant that, if we should conclude that his petition did not disclose a cause of action, the case should be remanded in order that he might amend or supplement his allegations. The case, however, does not appear to be one in which the plaintiff has unintentionally omitted an essential allegation which, truthfully, he might have made. As the case is presented, plaintiff has no cause or right of action.

The judgment is affirmed, at appellant's cost.

Rehearing refused by Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.