(108 So. 477)

No. 25914.

**EUREKA HOMESTEAD SOCIETY v. SLAD-OVICH et al.**

(March 29, 1926. Rehearing Denied May 3, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Infants** ⬤⟿90—**Minors; proceedings to recover amount due on purchase-money mortgage note, and for recognition of vendor's lien and mortgage on property, title to which was fraudulently taken in name of defendant's minor son, held ratified by his appearance after he was fully emancipated (Code Prac. art. 382, as amended by Act No. 224 of 1908).**

　Proceedings to recover amount due on purchase-money mortgage note and for recognition of vendor's lien and mortgage on property sold to defendant, title to which was fraudulently taken in name of his minor son, *held* ratified by minor son, irrespective of whether he was emancipated under Code Prac. art. 382, as amended by Act No. 224 of 1908, by his appearing and pleading for himself, and by attorneys representing him after he was fully emancipated.

2. **Mortgages** ⬤⟿559(5)—**Vendor and purchaser** ⬤⟿291—**Sales; judgment in action to recover amount due on purchase-money mortgage note, and for recognition of vendor's lien and mortgage to property fraudulently taken in name of defendant's minor son, should have been in rem only, where defendants were not liable on conventional obligation for amount of note sued on.**

　In proceeding to recover amount due on purchase-money mortgage note, and for recognition of vendor's lien and mortgage on property, title to which was fraudulently taken in name of defendant's minor son, judgment should not have gone further than to enable plaintiff to seize and sell the property in satisfaction of amount due it, since defendants were not liable on a conventional obligation for amount of note sued on.

Appeal from Civil District Court, Parish of Orleans; Percy Saint, Judge.

Action by the Eureka Homestead Society against George Sladovich, Sr. and Jr. Judgment for plaintiff, and defendants appeal. Amended and affirmed.

George Sladovich, Sr., of New Orleans, for appellants.

McCloskey & Benedict, of New Orleans, for appellee.

O'NIELL, C. J. George Sladovich, Sr., being under contract to buy from Dr. Armand Mary certain real estate in New Orleans, applied to the Eureka Homestead Society for a loan of $10,000 to finance the deal. He subscribed for the necessary shares of stock in the homestead society, with the understanding that the society would take title from Dr. Mary and transfer the property to him (Sladovich) on terms which would leave a credit of $10,000, for which he would give his note secured by mortgage and vendor's lien on the property. The $10,000 was to be paid by the

homestead society to Dr. Mary as the cash payment on the price, and Sladovich was to give Dr. Mary a second mortgage on the property for the balance of the price. Having made the agreement, Sladovich requested the homestead society and Dr. Mary to allow him to substitute his son, George Sladovich, Jr., as the purchaser of the property. The homestead society and Dr. Mary, not knowing that George Sladovich, Jr., was a minor, consented to the substitution. Accordingly Dr. Mary transferred the property to the homestead society, and the latter immediately transferred it to George Sladovich, Jr., who gave his promissory note to the homestead society for $10,000, secured by mortgage and vendor's lien on the property. The $10,000 was paid by the homestead society to Dr. Mary, as the cash payment on the price due to him, and Sladovich, Jr., gave Dr. Mary a second mortgage to secure the balance of the price. In the deed from the homestead society to Sladovich, Jr., and again in the act of mortgage in favor of Dr. Mary, Sladovich, Jr., with the knowledge and approval of his father, stated falsely that he, Sladovich, Jr., was of the age of majority, and they thus deceived the notary public and the representatives of the homestead society and Dr. Mary, and induced them to make the transaction, which, of course, they would not have made if they had known that Sladovich, Jr., was a minor.

Thereafter, Sladovich, Jr., having defaulted on the debt due to Dr. Mary, the latter filed executory proceedings on his mortgage; and Sladovich, Sr., as the tutor and representative of Sladovich, Jr., brought suit, and arrested the seizure and sale by injunction on the ground that Sladovich, Jr., was a minor, and was therefore not bound by the promissory note or the act of mortgage which he had signed.

Before the executory proceedings were filed, Sladovich, Sr., pretending to be the owner of the property, entered into a contract to sell it to Mrs. M. Glaser; but, when she discovered that the title stood in the name of Sladovich, Jr., and learned that he was a minor, she declined to buy. Sladovich, Jr., being then above the age of 18 years and emancipated by marriage, sued Mrs. Glaser to compel her to accept the title and pay the price agreed upon, and, in the alternative, he claimed $10,000 damages for breach of the contract. The civil district court rejected his demand, and, on appeal, the judgment was affirmed. See Sladovich v. Glaser, 91 So. 297, 150 La. 918.

Being informed by the injunction suit against Dr. Mary, of the deception that had been practiced, the homestead society sued the two Sladovichs for a rescission of the sale, citing Sladovich, Sr., personally and Sladovich, Jr., through his father and tutor. On an exception of no cause of action, the civil district court dismissed the suit, on the theory, as we understand, that Sladovich, Jr., would have the right to ratify the transaction on arriving at the age of majority. The homestead society did not appeal from the judgment, but brought this new suit on another cause of action, and for other relief.

In this suit, against the two Sladovichs, the homestead society set forth the facts, which we have stated, and prayed for a judgment against the senior Sladovich, individually and as tutor, for the amount due on the mortgage note, being then $10,264.90, plus interest and attorney's fees, and for recognition of the vendor's lien and mortgage, as if the title had been taken in the name of George Sladovich, Sr. Sladovich, Jr., was cited by service upon his father and tutor, as his legal representative. At the same time the plaintiff had interrogatories on facts and articles served upon Sladovich, Sr., addressed to him both individually and as father and tutor to Sladovich, Jr. He did not comply with the order of court to answer the interrogatories. Thereafter he and Sladovich, Jr., the latter having arrived at the age of 18

years, and being emancipated by marriage, were served with a rule, addressed to each of them individually, to show cause why the interrogatories should not be taken for confessed, and why judgment should not be rendered against them accordingly. On their failure to show cause why the interrogatories should not be taken for confessed, and on failure of Sladovich, Sr., to answer the interrogatories, the rule was made absolute, and judgment was rendered against both Sladovichs, in solido, for the amount sued for, with recognition of the vendor's lien and mortgage on the property. The defendants have appealed from the judgment.

The deception practiced upon the plaintiff with regard to the minority of George Sladovich, Jr., was virtually admitted in the defendants' pleadings, in which they criticized severely, and undertook to ridicule, the notary public and the representative of the homestead society for their failure to observe, from the personal appearance of Sladovich, Jr., that his declaration that he had arrived at the age of majority was not true.

[1] We had some doubt at first about the validity of these proceedings against Sladovich, Jr., because he was not 18 years of age, and therefore not emancipated for all purposes, when this suit was instituted. But we find that the proceedings were ratified by his appearing and pleading, not through his father or tutor, but for himself, and by attorneys representing him, after he was fully emancipated. When a minor, who is married, reaches the age of 18 years, he or she is as fully emancipated us if he or she had reached the age of 21 years. Code of Practice, art. 382, as amended by Act No. 224 of 1908.

[2] The fraud that was perpetrated upon the plaintiff, with regard to the age of the junior Sladovich, when the transaction was made, was a sufficient ground for the judgment that was rendered against them, except that the judgment should not have gone further than to enable the plaintiff to seize and sell the property in satisfaction, as far as it would satisfy, the debt due to the plaintiff. Neither of the defendants was liable on a conventional obligation for the amount of the note sued on. Our opinion is that the plaintiff was entitled to a judgment in rem only to reinstate the title in statu quo ante fuit, and thus undo the wrong. We understand that the property was seized and sold under the judgment while this devolutive appeal was pending.

The judgment appealed from is amended so as to make it a judgment in rem, exigible only against the mortgaged property, and approving its execution to that extent, if it has been so executed already, and, as thus amended, the judgment is affirmed. The defendants are to pay the costs incurred in the civil district court, and the plaintiff the costs of appeal.