GEORGE E. POPE and ALBERT KRUSE *v.* JOHN J. LANDY and INEZ H. LANDY.

(*September* 22, 1938.)

LAYTON, C. J., HARRINGTON and RICHARDS, J. J., sitting.

*Thomas H. Wingate* (of the office of Hering, Morris, James and Hitchens) for plaintiffs.

*Henry R. Isaacs* for defendants.

Superior Court for New Castle County, Summons Case, No. 106, January Term, 1938.

440

* * *

HARRINGTON, J., delivering the opinion of the Court:

This case is before us on a special demurrer to the plaintiffs' declaration, which contains two counts.

■■ The first count is a common count for labor done and services performed by the plaintiffs for the defendants, at their request. There is no basis for the defendants' demurrer to that count of the declaration as the allegations of each count must be considered alone, and without reference to the allegations of any other count. When so considered, it does not appear from the language used in the first count that the work and labor for which the plaintiffs sought to recover had not been fully performed.

The second count is a special count on a contract, in writing, purporting on its face to be signed by both of the plaintiffs and by John J. Landy. A copy of that contract was attached to and composed a part of that count of the plaintiffs' declaration. Its language was, in part, as follows:

"This Agreement Made * * * by and between J. J. Landy * * * hereinafter termed the owner, and George Edwin Pope and Albert Kruse * * * hereinafter known as the Architects".

In the subsequent parts of that contract, where the name of Landy would ordinarily be inserted, instead of using his name the words "the owner" are inserted. The word "owner" is, also, inserted in front of his signature to the contract.

■■ The special count of the declaration alleges that John J. Landy, one of the defendants, executed the contract

declared on on his own behalf, and, also, as agent for his wife, the said Inez H. Landy, the other defendant.

Every inference is against the pleader, and when that allegation is read in connection with the contract declared on, which by reference has, also, been made a part of that count of the declaration, the question is whether evidence to prove that allegation could be admitted at the trial, or whether such evidence would vary the terms of the contract.

The record shows that the contract sued on was neither under seal nor a negotiable instrument. See *Drughorn Ltd. v. Rederi Aktiebolaget Transatlantic,* [1918] 1 *K. B.* 394, 398; 1 *Clark & Skyles on Agency* 1006.

In *Drughorn Ltd. v. Rederi Aktiebolaget Transatlantic,* [1918] 1 *K. B.* 394, 398, the Court of Appeals said:

" 'It is a well established rule of law that where a contract, not under seal, is made with an agent, in his own name, for an undisclosed principal, either the agent or the principal may sue upon it.' There is no doubt that where such an agreement is made, it is competent to show that one, or both, of the contracting parties, were acting as agents for another person, and acted as such agents in making the contract, so as to give the benefit of the contract on the one hand and to charge with liability on the other the unnamed principal * * *; and that evidence in no way contradicts the written instrument".

See, also, *Redebiaktiebolaget Argonaut v. Hani,* [1918] 2 *K. B.* 247; 1 *Williston on Contracts (Rev. Ed.), Sect.* 286; *Meechem on Agency, Sect.* 2070; 1 *Clark & Skyles on Agency* 1006.

In *Higgins v. Senior,* 8 *M. & W.* 834, 844, Parke B. said: "To allow an unnamed principal to be entitled or charged in no way contradicts the written agreement; it does not deny that it is binding on those whom on the face of it it purports to bind, but shows that it binds, also, another by reason that the act of the agent in signing the agreement, in pursuance of his authority, is in law the act of the principal. But on the other hand to allow evidence to be given that the party who appears on the face of the

instrument to be personally a contracting party is not such would be to allow parol evidence to contradict the written agreement".

But an undisclosed principal can neither sue nor be sued on a contract in writing, if proof of the agency of the person actually signing that contract would violate any of its provisions. In other words, a person who signs a contract expressly as principal cannot be permitted to show, in contradiction of the written instrument, that he was merely acting as an agent for another. *Rederiaktiebolaget etc. v. Drughorn Ltd.*, [1918] 1 *K. B.* 398; same case in the Court of Appeals, [1918] 1 *K. B.* 398; same case on appeal to the House of Lords, [1919] *A. C.* 203; *Meechem on Agency, Sect.* 2070; *Graves v. Boston, etc., Ins. Co.*, 2 *Cranch* 419, 2 *L. Ed.* 324; see, also, *Restatement of the Law of Agency, Sects.* 293, 303*b*.

And this rule has been applied when there is an express representation or assertion of a fact in the contract indicating an intent of a party to contract as a principal, and, therefore, not in any other capacity. *Humble v. Hunter*, 12 *Q. B.* 310, 116 *Eng. Repr.* 885; *Rederi etc. Transatlantic v. Drughorn Ltd.*, [1918] 1 *K. B.* 394, same case on appeal, [1918] 1 *K. B.* 398; *Drughorn Ltd. v. Rederiaktiebolaget* (same case in House of Lords), [1919] *A. C.* 203; *Redebiaktiebolaget Argonaut v. Hani*, [1918] 2 *K. B.* 247; *Crowder v. Yovovich*, 84 *Or.* 41, 164 *P.* 576; *Sladovich v. Glaser*, 150 *La.* 918, 91 *So.* 297; *Meechem on Agency, Sect.* 1771, 2020; 1 *Willist. on Contr. (Rev. Ed.)*, *Sect.* 286; see, also, *Boston Ice Co. v. Potter*, 123 *Mass.* 28, 25 *Am. Rep.* 9.

In *Humble v. Hunter*, 12 *Q. B.* 310, 116 *Eng. Repr.* 885, *supra*, an action of assumpsit was brought on a charter party by Grace Humble, the alleged undisclosed principal. The contract had been signed by her son, in his own name. That contract was worded, in part, as follows: "It is mutu-

ally agreed Between C. J. Humble, Esq., owner of the good ship Anne" etc. The son was permitted to testify that in signing the contract sued on, he was acting as agent for his mother, the plaintiff. There was a verdict for the plaintiff, but it was subsequently set aside on a motion for a new trial.

In setting aside the verdict, Lord Denman, C. J., after stating that it was a well settled rule that a person could ordinarily take the benefit of a contract made by his agent, also, said: "That doctrine cannot be applied when the agent contracts as principal; and he has done so here by describing himself as owner of the ship".

In *Rederi etc. Transatlantic v. Drughorn Ltd.* [1918], 1 *K. B.* 394, 398, one of the Judges of the Court of Appeals, in commenting on *Humble v. Hunter,* and *Formby v. Formby,* 102 *L. T.* 263, which is hereinafter referred to, said they stood for the propositions that the words "owner" and "proprietor" were statements of fact "showing the actual position of the parties previous to entering into the contract, and what their interest is in the subject matter with regard to which the contract extends".

In *Sladovich v. Glaser,* 150 *La.* 918, 91 *So.* 297, an undisclosed principal was not permitted to enforce a contract in writing for the sale of land signed by his agent, which contained the statement "I, the owner of the above property, accept the above offer".

Whether the facts in *Humble v. Hunter, supra,* justify the application of the rule above stated, has been questioned (*Killick & Co. v. Price & Co.,* 12 *T. L.* 263; *Meechem on Agency, Sect.* 2070, *note;* see, also, *Williston on Contracts* [*Rev. Ed.*], *Sect.* 286), but that case seems to have been approved in England in *Rederbiaktiebolaget Argonaut v. Hani,* [1918] 2 *K. B.* 247 and by the Court of Appeals in *Formby v. Formby,* 102 *L. T.* 263, where the word "pro-

prietor" was used in the contract with reference to one of the parties, and it was held that he had contracted as such.

*Humble v. Hunter* has been distinguished, however, in some cases where the distinctions between the word "owner" and the words used in those cases would seem to be very slight.

In *Rederi etc. v. Drughorn Ltd.*, [1918] 1 *K. B.* 394, a charter party was signed by one Lundgren, who was, in fact, a mere agent for an undisclosed principal. In the first part of that contract Lundgren was described as "the charterer". Throughout the subsequent parts of it, where his name would ordinarily appear, the word "charterers" was erroneously used for the word "charterer", as a printed form had been used, and the necessary corrections had not been made to conform to the facts. The undisclosed principal brought suit on the contract and it was contended that the agency of Lundgren could not be shown because of the rules laid down in *Humble v. Hunter* and *Formby v. Formby, supra*. But both the Court Below and the Court of Appeals held that these cases were not applicable to the facts, and that the evidence in question was admissible.

The Court of Appeals, in substance, said the situation would be identical if throughout the contract itself Lundgren had been mentioned by name instead of being described as the charterer. For the sake of brevity, it was more convenient to refer to him from time to time as the charterer instead of using his name, and the fact that he made the contract as agent for an undisclosed principal was not inconsistent with the position that he contracted as the charterer. The decision in that case was subsequently approved by the House of Lords on appeal. *Drughorn Ltd. v. Rederiaktiebolaget Transatlantic*, [1919] *A. C.* 203.

In his opinion in the House of Lords, Viscount Haldane, the Lord Chancellor, after referring to *Humble v. Hunter* and *Formby v. Formby*, and approving the general prin-

ciples of law for which they stood, in commenting on the first case said: "When a charterer deals with some one described as the owner, evidence is not admissible to show that some other person was the owner. That is perfectly intelligible. The question is not before us now, but I see no reason to question when you have the description of the person as the owner of property, and it is a term of the contract that he should contract as owner of that property, you cannot show that another person is the real owner. That is not a question of agency—that is a question of property". He then said, however, that the qualifying principle of *Humble v. Hunter* did not apply to the case before the House; that it was not dealing with *Formby v. Formby,* and then concluded that the evidence offered in the court below did not vary the terms of the contract, and was properly admitted.

Lord Shaw agreed with the conclusion reached by Viscount Haldane, but stated that he was not called upon to express any opinion as to the correctness of the decisions in *Humble v. Hunter* and *Formby v. Formby,* as the time might come when those cases would have to be reviewed by the House of Lords, apparently meaning on their particular facts. He further stated, however, that he did not agree with the conclusion of the Court in *Rederiaktiebolaget Argonaut v. Hani,* [1918] 2 *K. B.* 247, where the words "as charterers" were used, and *Humble v. Hunter* was held to be controlling.

Lord Sumner in substance said that in his opinion the charter could not be considered as containing a stipulation that no one but Lundgren had the rights and liabilities of a charterer under it, and unless the conclusion could be reached that the contract so stipulated, the appellants must fail. He did not comment on *Humble v. Hunter* and *Formby v. Formby,* other than they were "expressly decided as cases in which the contract itself, truly construed, excluded the

application of the rule as to undisclosed principals". He then said "There is a clear distinction between words in a contract, which can be construed as saying A. B., who prior to this contract, was, and who under it is, and will be, the single owner, and words which can only mean A. B., who by this contract becomes liable to the obligations and entitled to the rights which this contract allots to the charterer".

The same Judge, also, strongly intimated that on the facts he did not agree with the conclusion of the Court in *Redebiaktiebolaget Argonaut v. Hani,* [1918] 2 *K. B.* 247, in which *Humble v. Hunter* was approved and applied.

The fourth Judge, Lord Wrenbury, merely concurred with the other Judges in holding that the evidence offered was properly admitted, but wrote no opinion.

We have already pointed out that in *Redebiaktiebolaget Argonaut v. Hani,* [1918] 2 *K. B.* 247, the rule applied in *Humble v. Hunter* was approved and applied to a contract which described some of the parties "as charterers".

While, as we have also stated, two of the four Judges in the House of Lords in the *Drughorn Case* expressly disapproved of that case, on the facts, the principles involved in it were expressly approved.

In the *Hani Case,* the court, in substance, said: That it was always necessary to look at the contract as a whole to ascertain whether such words as "charterers", appearing after a person's name, were merely words of description in the same way as the words "of the first part" or "of the second part", or whether they were representations composing essential and material parts of the contract.

In *Abbott v. Atlantic Refining Co., 4 Ont. Law Rep.* 701, the plaintiff's husband made a contract whereby the defendant was to furnish roofing for his wife's house. In the correspondence, which constituted the contract, the wife was not mentioned. The defendant's offer referred to

"your roof" in "your town", and the plaintiff's husband purported to accept the offer to put on "my roof". The Court held that the words used did not necessarily indicate that the agent was the owner, but were merely conveniently descriptive of the subject matter of the contract, and, therefore, distinguished *Humble v. Hunter*, and permitted the wife, the real owner, to bring the suit.

All the above citations referred to suits by the alleged undisclosed principal, but in view of the principles involved we see no reason why the same rule should not apply when it is sought to charge the undisclosed principal on a contract made by his agent. See *Western Sugar Refining Co. v. Helvetia Swiss Fire Ins. Co., (C. C.)* 163 *F.* 644; *Graves v. Boston Marine Ins. Co.,* 2 *Cranch* 419, 2 *L. Ed.* 324; see, also, the dictums of the court in *Redebiaktiebolaget Argonaut v. Hani,* [1918] 2 *K. B.* 247 *and in Drughorn Ltd. v. Rederiaktiebolaget Transatlantic,* [1919] *A. C.* 203.

■ The intent and meaning of a contract necessarily depends on the language used, and whether, therefore, a particular contract shows a clear intent to represent that a party to it was contracting as a principal, and in no other capacity, must be determined from its language.

However narrow the distinction between *Humble v. Hunter, Formby v. Formby,* and *Drughorn Ltd. v. Rederiaktiebolaget Transatlantic* may be, the latter case was decided by the House of Lords, and, in principle, seems to be more like this case than either of the prior cases. At any rate, the conclusion that John J. Landy did not sign the contract declared on, expressly as principal, seems to be within the reasoning on which the decision in the *Drughorn Case* was based.

■ Under the Landy contract, the plaintiffs were to draw certain plans and specifications for a house to be erected on a certain lot in the City of Wilmington, but the

ownership of that lot was in no way directly, or indirectly involved in the contract or in the suit on it. The statement in the preliminary part of the contract that Landy was "hereinafter termed the owner" was nothing more than a substitution for his name, or for the words "the party of the first part"; and there is nothing to indicate that the word "owner", as subsequently used in the contract, even before the signature of Landy thereto, was intended to have any other, than a mere descriptive meaning. The words "hereinafter known as the Architects" following the names of the other parties to the contract in the preliminary part of it seem to add color to this reasoning.

Our conclusion, therefore, is that the words in question were not intended as the assertion of a material fact, bearing on the relation of the parties, or either of them, to any other person, or to the character in which they contracted, and evidence that John J. Landy, not only signed the contract in his individual capacity, but as agent for Inez H. Landy, should be admitted, if offered at the trial.

For the reasons above given, the defendant's demurrer to both counts of the declaration is overruled.