**DOMINION BANK OF MIDDLE TENNESSEE (Substituted for T. Michael Patton), Plaintiff/Appellant,**

v.

**Leo CRANE, Defendant/Appellant.**

**DOMINION BANK OF MIDDLE TENNESSEE (Substituted for T. Michael Patton), Plaintiff/Appellant,**

v.

**Dr. R.K. GALLOWAY, Defendant/Appellee.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

July 31, 1992.

Permission to Appeal Denied by Supreme Court Nov. 23, 1992.

William L. Baggett, Jr. Farris, Warfield & Kanaday, Nashville, for Dominion Bank of Middle Tennessee and T. Michael Patton.

Richard Dance, Nashville, for R.K. Galloway, Jr.

Timothy L. Takacs, Smith & Takacs, Hendersonville, for D. Leo Crane.

## OPINION

KOCH, Judge.

This consolidated appeal involves two limited partners' liability on their personal guaranties of a partnership note. After the partnership defaulted, the bank assigned the note and the guaranties to one of the general partners. The general partner filed separate suits against each of the guarantors in Davidson and Sumner Counties. The Chancery Court for Sumner County granted summary judgments dismissing the general partner's suit and finding in favor of one of the guarantors on his counterclaim. The Chancery Court for Davidson County conducted a bench trial and entered a judgment for the general partner against the other guarantor. The general partner has appealed from the Sumner County court's summary judgment dismissing its complaint, and one of the guarantors has appealed from the Davidson County court's judgment. We have determined that the guarantors' liability has not been extinguished and that their individual guaranties remain enforceable.

### I.

Nashville Barge Associates, Ltd. ("Nashville Barge") was a limited partnership formed in 1981 for the purpose of acquiring five barges to be operated on the Mississippi River by the Ingram Barge Company. Its general partners consisted of T. Michael Patton and Union Street Leasing Corporation ("Union Street").[1] It had twenty limited partners, including David Leo Crane, Sr. and Dr. R.K. Galloway.

On October 6, 1981, Nashville Barge and Union Street borrowed $964,950 from Nashville City Bank to finance the purchase of the barges. Their note was secured by a first secured ship's mortgage on the barges and by the individual guaranties of the general and the limited partners. Dr. Galloway executed his limited guaranty on August 18, 1981, and Mr. Crane executed his on August 27, 1981.

The venture did not prove to be profitable. Beginning in 1983, Nashville Barge began to borrow additional funds from its limited partners in order to cover the debt service and interest on the Nashville City Bank loan and to meet its operating expenses. Nashville Barge defaulted on its Nashville City Bank note in January, 1987. Three months later, Dominion Bank of Middle Tennessee ("Dominion Bank")[2] sold the barges for $410,000 and called upon the limited partners, including Dr. Galloway and Mr. Crane, for the $496,956 deficiency.

Most of the limited partners honored their guaranties, and by February 1989, the deficiency had been reduced to $104,043 plus interest. On February 14, 1989, Dominion Bank assigned the partnership's October 1981 note and five of the individual guaranties to Mr. Patton. On the same day, Mr. Patton executed a $104,043 note in his own name as well as a "collateral assignment of promissory note" giving Dominion Bank a security interest in the partnership's October 1981 note and the five individual guaranties.

Mr. Patton then set about trying to require the remaining limited partners to honor their guaranties. In April 1989, he

---

1. Union Street was a Tennessee Corporation, and Mr. Patton served as its president.

2. Dominion Bank is the successor to Nashville City Bank.

sued Dr. Galloway in the Chancery Court for Sumner County. On the same day, he filed an identical suit against Mr. Crane in the Chancery Court for Davidson County.

Dr. Galloway denied liability and filed a counterclaim against Mr. Patton for the loans he had made to the partnership between April 1983 and August 1986. On July 11, 1990, the Sumner County court granted Dr. Galloway's motion for summary judgment and dismissed Mr. Patton's complaint on the ground that Dr. Galloway's liability on his individual guaranty was extinguished when Dominion Bank assigned the note to Mr. Patton in February 1989.

The Davidson County court heard Mr. Patton's suit against Mr. Crane without a jury on August 22, 1990, and approximately one week later, filed an order awarding Mr. Patton a judgment against Mr. Crane. The Davidson County court differed with the Sumner County court's conclusions by finding that Mr. Patton was not a party to the partnership's October 1981 note and, therefore, that Dominion Bank's assignment of the note to Mr. Patton did not constitute a discharge under Tenn.Code Ann. § 47–3–601 (1979).

In September 1990, the Sumner County court held a hearing on Mr. Patton's motion to alter or amend the July 1990 order summarily dismissing his claim and on Dr. Galloway's motion for a summary judgment on his counterclaim. On October 8, 1990, the Sumner County court entered an order denying Mr. Patton's motion, granting Dr. Galloway's motion, and awarding Dr. Galloway a $7,512 judgment against Mr. Patton personally and an $18,150 judgment that could be satisfied only from Nashville Barge assets.[3]

Both Mr. Patton and Mr. Crane perfected timely appeals. While these appeals were pending, Mr. Patton filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Tennessee. The bankruptcy court granted Dominion Bank relief from the automatic stay and permitted it to pursue its interest as a holder of the partnership note and the guaranties. Accordingly, on April 19, 1991, this court entered an order substituting Dominion Bank for Mr. Patton as the appellant in the Sumner County case. On May 28, 1991, this court entered an order substituting Dominion Bank for Mr. Patton as the appellee in the Davidson County case and consolidating the two cases for briefing and argument.

## II.

At the outset, we will take up Mr. Crane's appeal. He filed a timely notice of appeal from the Davidson County court's judgment on September 20, 1990. On February 28, 1991, the day after the clerk and master filed the appellate record with this court, Mr. Patton requested that Mr. Crane's appeal be stayed because of the pending bankruptcy petition. The presiding judge granted the stay on April 12, 1991.

After Dominion Bank obtained relief from the automatic stay, this court entered an order on May 28, 1991, substituting Dominion Bank for Mr. Patton as the appellee and directing the parties to file briefs in accordance with the timetable in Tenn.R.App.P. 29(a). Mr. Crane did not file a brief or request an extension of time within thirty days after the entry of this court's May 28, 1991 order. Accordingly, Dominion Bank moved to dismiss his appeal in accordance with Tenn.R.App.P. 29(c). Several weeks later, Mr. Crane too filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Tennessee. Neither Mr. Crane nor the trustee has filed a brief in this court, nor have they responded to Dominion Bank's motion.

The automatic stay attendant to the filing of Mr. Crane's Chapter 7 bankruptcy petition did not take effect until July 19, 1991. By that time, Mr. Crane had

---

3. The judgment on Dr. Galloway's counterclaim is not part of this appeal. Mr. Patton's notice of appeal states that he is appealing only from the judgment dismissing his claim against Dr. Galloway.

already failed to file a timely brief or to request an extension of time, and Dominion Bank had already moved to dismiss the appeal pursuant to Tenn.R.App.P. 29(c). Commencing bankruptcy proceedings does not excuse a party from its past failure to comply with the requirements of the Tennessee Rules of Appellate Procedure. Since the record contains no explanation concerning Mr. Crane's good faith efforts to comply with the Tennessee Rules of Appellate Procedure, *see H.D. Edgemon Contracting Co. v. King*, 803 S.W.2d 220, 223 (Tenn.1991), we grant Dominion Bank's motion to dismiss Mr. Crane's appeal for failure to file a timely brief.

### III.

■ Dr. Galloway also makes much ado about Dominion Bank's ability to pursue the appeal from the Sumner County court's judgment in place of Mr. Patton. He asserts that Dominion Bank has not complied with this court's March 13, 1991 order stating that only Mr. Patton's trustee in bankruptcy has standing to proceed in any action affecting the disposition of any of the assets in Mr. Patton's bankruptcy estate.

After Mr. Patton filed his bankruptcy petition, Dominion Bank, Mr. Patton's trustee in bankruptcy, and Mr. Patton agreed that he "had no equity in the collateral pledged as security to Dominion [Bank]" and that the automatic stay should be lifted to enable "Dominion Bank to realize upon its interest in the collateral." Notwithstanding the elliptical language of the bankruptcy court's order, we construe it to authorize Dominion Bank to proceed with this appeal in place of Mr. Patton.

### IV.

We turn now to the validity of the Sumner County court's summary judgment dismissing Mr. Patton's complaint against Dr. Galloway. While the record reveals no genuine issue as to any material fact, we find that Dr. Galloway was not entitled to the dismissal of Mr. Patton's complaint as a matter of law.

Mr. Patton's complaint is based solely on Dr. Galloway's guaranty of Nashville Barge's October 1981 note to Nashville City Bank. Dr. Galloway denied liability and, in his defensive motion for summary judgment, asserted two theories why he was entitled to a dismissal of Mr. Patton's complaint as a matter of law. First, he claimed that his guaranty had been discharged under Tenn.Code Ann. § 47-3-601(1)(a) (1979) because Mr. Patton paid off Nashville Barge's note in February 1989 when he executed a new note for the remaining deficiency. Second, he claimed that his guaranty had been discharged under Tenn.Code Ann. § 47-3-601(3)(a) because Mr. Patton reacquired the note in his own right when Dominion Bank assigned it to him in February 1989.

■ The Sumner County court apparently agreed with Dr. Galloway on both points. In its July 11, 1990 order dismissing Mr. Patton's complaint, the court held:

Further, the Court finds that T. Michael Patton as general partner of Nashville Barge Associates, Ltd. was co-maker of the note with Nashville City Bank on the 6th day of October, 1981 with Union St. Leasing Corporation, general partner, the other co-maker. T. Michael Patton was liable as an individual on the note, and when T. Michael Patton reacquired the note from Dominion Bank of Middle Tennessee, the indebtedness to Dominion Bank of Middle Tennessee guaranteed by the defendant was extinguished.

We have determined that these findings contain two fundamental errors. First, Mr. Patton was neither a party nor co-maker on Nashville Barge's October 1981 note. Second, Mr. Patton did not pay off Nashville Barge's note in February 1989.

A "party" for the purposes of Article 3 of the Uniform Commercial Code is a "person who has engaged in a transaction or made an agreement within chapters 1 through 9 of this title." Tenn.Code Ann. § 47-1-201(29) (1979). While Mr. Patton signed the October 1981 note, each of his signatures is immediately preceded by either the partnership's or the corporation's name and is immediately followed by desig-

nations of his capacity with each of these entities.

No conclusion can be drawn other than that Mr. Patton signed the note in his representative capacity. Tenn.Code Ann. § 47–3–403 (1979); *Bill Walker & Assocs., Inc. v. Parrish*, 770 S.W.2d 764, 770 (Tenn. Ct.App.1989) (signature preceded and followed by words indicating representative capacity); *Anderson v. Davis*, 34 Tenn. App. 116, 120, 234 S.W.2d 368, 369–70 (1950). Since Mr. Patton was signing only in his representative capacity, the only persons who were engaged in the October 6, 1981 transaction—the execution of the note—were Nashville Barge, Union Street, and Nashville City Bank.

 The fact that Mr. Patton executed his own personal guaranty does not make him a party to the transaction for the purposes of Tenn.Code Ann. § 47–3–601. The guaranties were separate from the note and are not "agreements within chapters 1 through 9 of this title." *Guarantor Partners v. Huff*, 830 S.W.2d 73, 76 (Tenn.Ct. App.1992) (separate continuing guaranties are not instruments for the purposes of the Uniform Commercial Code).

 Likewise, the fact that Mr. Patton was a general partner of Nashville Barge does not mean that he was a party to the transaction. Courts may view a partnership as a separate legal entity when the parties to the transaction treat it as a separate entity. *United States Fidelity & Guar. Co. v. Booth*, 164 Tenn. 41, 47, 45 S.W.2d 1075, 1076–77 (1932). Thus, credit given to a partnership will be considered as a debt of the partnership even though it was guaranteed by one of the partners. *Barcroft, Beaver & Co. v. Snodgrass*, 41 Tenn. (1 Cold.) 430, 436 (1860). Since Nashville City Bank viewed Nashville Barge, not Mr. Patton, as the entity with which it was dealing in October 1981, Mr. Patton was not a party to the note for the purposes of Tenn.Code Ann. § 47–3–601 even though under partnership law he might at some point become liable for its payment.

 The record also contains no evidence that Mr. Patton paid Nashville Barge's note in February 1989 or that Dominion Bank agreed that Mr. Patton's February 1989 note would discharge Nashville Barge's original note. *See Commerce Union Bank v. Burger-in-a-Pouch, Inc.*, 657 S.W.2d 88, 90 (Tenn.1983) (a renewal note does not discharge the original note unless all the parties to the note agree). Dominion Bank did not mark Nashville Barge's October 1981 note "paid" and, in fact, actually reserved a security interest in the note. Dominion Bank simply endorsed the note and negotiated it to Mr. Patton.

Dr. Galloway has failed to demonstrate that he is entitled to a judgment as a matter of law under either Tenn.Code Ann. § 47–3–601(1)(a) or Tenn.Code Ann. § 47–3–601(3)(a). It follows, therefore, that Dr. Galloway was not entitled to a summary judgment dismissing Mr. Patton's complaint.

### V.

This opinion should not be construed to hold that Dominion Bank has succeeded to Mr. Patton's interests for any purpose other than prosecuting this appeal to its conclusion. Dominion Bank's interests in Nashville Barge's October 1981 note and in the related guaranties are separate and distinct from whatever interests Mr. Patton might have had. As the United States Bankruptcy Court noted in its March 19, 1991 order, Dominion Bank is "entitle[d] to realize upon its interest in the collateral." This case does not provide the vehicle for Dominion Bank to pursue its own interests.

We dismiss David Leo Crane, Sr.'s appeal from the judgment of the Chancery Court for Davidson County and tax the costs against Mr. Crane and his surety for which execution, if necessary, may issue. In addition, we vacate the Chancery Court for Sumner County's July 11, 1990 order dismissing Mr. Patton's complaint. We remand this case to the Chancery Court for Sumner County and tax the costs in equal proportions to R.K. Galloway and to Dominion Bank and its surety for which execution, if necessary, may issue.

TODD, P.J., and CANTRELL, J., concur.