IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT NASHVILLE
_____

| | |
|---|---|
| **KERRY GARLAND,** | FROM THE MAURY COUNTY CIRCUIT COURT, Nos. 7563, 7564 |
| Plaintiff-Appellee, | THE HONORABLE WILLIAM B. CAIN, JUDGE |
| Vs. | |
| | C.A. No. 01A01-9710-CV-00570 |
| **JIM BONNER, Individually and d/b/a EZA AQUAGLASS POOLS,** | *AFFIRMED* |
| Defendant-Appellant. | C. Tim Tisher of Columbia |
| | For Appellees |
| **KEN HOPKINS and wife, PAM HOPKINS,** | |
| | William C. Barnes of Columbia |
| Plaintiffs-Appellees, | For Appellant |
| Vs. | |

<strong>FILED</strong>

April 8, 1998

<strong>Cecil W. Crowson</strong>
<strong>Appellate Court Clerk</strong>

**JIM BONNER, Individually and d/b/a EZA AQUAGLASS POOLS,**

Defendant-Appellant.
_____

MEMORANDUM OPINION[1]
_____

*CRAWFORD, J.*

This is an appeal of two cases consolidated for trial. Both cases originated in the General

Sessions Court of Maury County, Tennessee and are styled as follows:

> Ken Hopkins and wife Pam Hopkins,
> Plaintiffs,
> vs.
> Jim Bonner, Individually and d/b/a
> EZA Aquaglass Pools,
> Defendant.
> _____
> Kerry Garland,
> Plaintiff,
> vs.
> Jim Bonner, individually and d/b/a
> EZA Aquaglass Pools,
> Defendant.

The Plaintiffs have sued the Defendant for damages arising from the alleged breach of

contracts for the construction of swimming pools on the respective Plaintiffs' property. After

a judgment for each set of Plaintiffs in the amount of $10,000.00 was entered in general sessions

---

[1]Rule 10 (Court of Appeals). <u>Memorandum Opinion</u>. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

court, Defendant Jim Bonner (Bonner) appealed for a trial *de novo* in circuit court. The cases were consolidated for trial in the circuit court, and at the conclusion of an evidentiary hearing, the trial court entered judgment for each set of Plaintiffs against Bonner in the amount of $10,000.00. Bonner has appealed, and the sole issue for review as set out in his brief is:

> Whether the court erred in overruling the motion to dismiss based
> on the corporate status of EZA Aquaglass pools, Inc.

There is no transcript, and the statement of the evidence leaves much to be desired. The record indicates that the Garland contract was signed November 25, 1992, and the Hopkins contract was signed February 5, 1993. Both contracts are signed by the defendant, Jim Bonner, as "seller," without any indication that there was a signing in a representative capacity. Bonner testified that he was president of an Alabama corporation by the name of EZA Aquaglass Pools, Inc., and submitted copies of income tax returns for the years 1990 through 1994. He also proffered a business license and tax receipt for the City of Columbus for 1994 and December, 1993, and sales tax certificate of registration from the Tennessee Department of Revenue effective June of 1992. He admits that EZA Aquaglass Pools, Inc., was never registered and qualified to do business in the State of Tennessee, and his testimony was the only proof that the corporation was in good standing in the State of Alabama at the time the contracts were made. Bonner stated that the contracts were made with the corporation. Plaintiffs testified that they entered into the contracts with Bonner individually, and there is no clear indication that they were dealing with any entity other than Bonner.

Bonner asserts that by virtue of T.C.A. § 48-25-102 (f)(1995) he cannot be held personally liable. The provision relied upon states that "the failure of a foreign corporation to obtain a certificate of authority does not impair the validity of its corporate acts or prevent it from defending any proceeding in this state." *Id*. We believe Bonner's reliance on this statute is misplaced. The suits in this appeal are suits against Bonner individually and are not suits against a corporation. The real question involved in this appeal is whether Bonner is liable as an individual based upon the contracts in question.

As previously indicated, the signatory clauses of both contracts simply designate Bonner as a seller. Bonner's signature is not accompanied by any language indicating he was acting in a representative capacity of a corporation or of any other entity. When a corporate fiduciary's signature is preceded by the corporation's name and language denoting the representative capacity of the fiduciary, only the corporation is bound. ***Bill Walker & Assoc., Inc. v. Parrish***,

770 S.W.2d 764, 770 (Tenn. App. 1989). Generally, if a party fails to designate in the contract that the party is signing the contract in a representative capacity, the party is personally liable for the terms of the contract. *See id.*; *Anderson v. Davis*, 234 S.W.2d 368, 369-70 (Tenn. 1950); *Dominion Bank of Middle Tenn. v. Crane*, 843 S.W.2d 14, 18-19 (Tenn. App. 1992); *North River Partners, Inc. v. Winston*, No. 03A01-9409-CV-00323, 1995 WL 59999, *5-6 (Tenn. App. Feb. 14, 1995); *see also* 18B Am. Jur. 2d *Corporations* §§ 1839-40 (1985).

In addition to considering the documentary evidence, the trial court heard testimony regarding the identity of the parties to the contract. *See International House of Talent, Inc. v. Alabama*, 712 S.W.2d 78 (Tenn. 1986). The Plaintiffs testified that they dealt with Bonner as an individual when he signed the contract. Bonner, of course, testified to the contrary, stating that he was contracting on behalf of the corporation.

When the resolution of the issues in the case depends upon the truthfulness of witnesses, the trial judge who has the opportunity to observe the witnesses and their manner and demeanor while testifying is in a far better position than this court to decide those issues. *Mays v. Brighton Bank*, 832 S.W.2d 347, 351-52 (Tenn. App. 1992). The weight, faith, and credit to be given to any witness's testimony lies in the first instance with the trier of fact, and the credibility accorded will be given great weight by the appellate court. *Whitaker v. Whitaker*, 957 S.W.2d 834, 837 (Tenn. App. 1997).

Since this case was tried by the trial court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13 (d). Although the trial court made no specific findings of fact, it is implicit from the trial court's judgment against Bonner personally that he found Bonner to have committed himself contractually as an individual.

From our review of the oral proof and the contractual exhibits in the record, we do not find that the evidence preponderates against the trial court's findings that Bonner made the contracts in an individual capacity. Accordingly, the judgments of the trial court for Plaintiffs, Garland and Hopkins, are affirmed. The case is remanded to the trial court for such further proceedings as may be necessary. Costs of appeal are assessed against the Defendant.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

3

_____

**ALAN E. HIGHERS, JUDGE**

_____

**DAVID R. FARMER, JUDGE**