## ANDERSON et al. v. DAVIS.—234 S. W. (2d) 368.

Middle Section.  June 30, 1950.

Petition for Certiorari denied by Supreme Court, December 9, 1950.

Anderson & Anderson, of Knoxville, for complainants.

E. A. Langford, of Cookeville, for defendant.

HOWELL, J.  The bill in this case was filed by J. M. Anderson and J. M. Anderson, Jr., against E. J. Davis individually, and seeks to recover damages for an alleged breach of a written contract to sink a slope upon a tract of land about five miles from Monterey, Tennessee, on which the Central Coal Company, a corporation, was engaged in coaling mining operations.  The bill alleges that the contract was entered into ''with E. J. Davis who was doing business in the name of Central Coal Company.''

The defendant filed a plea in abatement in which it is averred that the bill shows on its face that the contract was entered into by the complainants with the Central Coal Company, a corporation, and that the defendant as an individual is not a party to the contract. This plea in abatement was overruled by the Chancellor and the defendant then filed a plea, answer and cross-bill.

· Complainants filed an amended bill in which they alleged among other things that they had dealt with the defendant individually and that the corporation Central Coal Company, of which defendant was the President, was a flimsy organization intended solely for the purpose of protecting defendant against personal liability.  It is further alleged that the written contract sued upon was negotiated with an agent of the defendant named Wolf and that this agent submitted the contract to defendant for signature.

The defendant answered this amended bill and averred that he never at any time held himself out as a partner

in Central Coal Company that this Company was a duly organized corporation chartered on December 12, 1947, of which he was the President. The answer further averred that a clause in the contract referring to individual liability was placed therein by the complainants or their solicitors who prepared the contract and could not in any way be construed as holding him individually liable under the contract as he did not sign as an individual. The answer also denied any breach of the contract and denied that complainants were entitled to recover and pleaded the Statute of Frauds as set out in Section 7831—Code of Tennessee.

Upon the hearing before the Court and a jury the Chancellor granted a motion by the defendant to withdraw the issues from the jury and dismiss the bill, being of the opinion that no personal liability of the defendant was shown.

The complainants have properly perfected an appeal to this Court and assigned the action of the Chancellor in granting defendant's motion as erroneous.

The caption of the contract sued upon is as follows:

"This Contract entered into between Central Coal Company, E. J. Davis, President, of Combs, Kentucky, and hereinafter referred to as 'The Company,' and J. M. Anderson & Son, of Cookeville, Tennessee, hereinafter referred to as 'The contractor.' "

And it is signed as follows:

> "Central Coal Company
> "By (S) E. J. Davis, President
> "(S) J. M. Anderson & James M.
> Anderson, Jr.,
> "J. M. Anderson & Son, Contractor."

There is a clause in the contract as follows: "It is understood that the partnership herein referred to as

the Company may see fit to take out a corporation for the purpose of carrying on its business, and if so, they shall have the right to assign this contract to such corporation, but the individuals named in the caption hereof shall remain permanently liable for the obligations herein assumed by the Company."

It is not made clearly to appear in this record why this clause was inserted in the contract. The defendant E. J. Davis did not sign the contract individually and his name appears thereon only as President of the Central Coal Company. There is no partnership by name mentioned in the body of the contract and the only partnership involved is that between the complainant J. M. Anderson and his son J. M. Anderson, Jr. The record discloses that the Central Coal Company was a duly organized corporation and that a short while after the contract was signed it increased its paid-in capital to $100,000 and was solvent, and that before the work under the contract was discontinued the Central Coal Company paid the complainants under the contract between $18,000 and $20,000.

The Chancellor found that there was no proof upon which it could be held that Davis individually was liable to the complainants or that Wolf who negotiated the contract for the Central Coal Company had any authority to bind Davis individually.

The evidence does not preponderate against this finding of the Chancellor. Code Section 10622.

The contract in this case was signed by "Central Coal Company by E. J. Davis, President" and if the paragraph which refers to the partnership incorporating and the individuals named being personally liable could in any way be construed as referring to Davis the contract not being signed by Davis individually and no fraud be-

ing shown it would not bind Davis individually for any obligations growing out of it.

The contract was prepared by the complainants' representatives not in Davis' presence, was negotiated by Wolf as agent for the Central Coal Company with the complainants and any doubt as to its construction must be resolved against the complainants.

See Standard Oil Company of Louisiana v. Petroleum Products Storage Co., 163 Tenn. 565, 44 S. W. (2d) 317 and cases there cited.

In Vol. 13 American Jurisprudence page 994 Sec. 1050 it is said: ''In determining whether a corporate director, officer, or agent is liable upon a corporate contract, the particular form of the promise in, or signature to, such contract is of prime importance in deducing the intention in such respect with which the contract was executed. A correct form of signature which is uniformly regarded as imposing no personal liability upon the officer signing is that of a signature containing the corporate name, followed by the word 'per' or 'by', which, in turn, is followed by the name of a corporation officer.''

Also Section 1052 same volume page 996 is as follows: ''It is generally held that corporate officers are not individually liable upon contracts wherein the corporate name is signed and is followed directly by the names of officers of the corporation to which are added words denoting their representative capacity.''

We therefore concur with the Chancellor in his finding of facts and conclusions of law.

The assignments of error are overruled and the decree of the Chancery Court dismissing the bill is affirmed.

The appellants will pay the costs.

Hickerson, J., concurs.

Felts, J., not participating.