CONE OIL COMPANY, INC.,
Plaintiff-Appellee,

v.

Thomas E. GREEN,
Defendant-Appellant.

Court of Appeals of Tennessee,
Middle Section.

Dec. 16, 1983.

Application for Permission to Appeal Denied by Supreme Court March 26, 1984.

Kenneth M. Switzer, Langford, Switzer & King, Nashville, for plaintiff-appellee.

Jeffrey S. Henry, Murfreesboro, for defendant-appellant.

---

## ABRIDGED OPINION

(With The Concurrence of Participating Judges, The Original Opinion Has Been Abridged For Publication)

TODD, Presiding Judge (M.S.)

The defendant, Thomas E. Green has appealed from a non jury judgment in favor of the plaintiff, Cone Oil Company, Inc.

The sole issue presented by appellant is as follows:

Whether the trial court erred in holding that the Guaranty signed by Thomas E. Green was an individual Guaranty and therefore making him personally liable for the debts of Safety Signal of Tennessee, Inc. up to the aggregate sum of $2,500.00, for which amount the Court entered judgment against the Defendant for the Plaintiff.

The document in question is apparently a printed form entitled "Continuing Guaranty". It reads in pertinent part as follows:

## CONTINUING GUARANTY

FOR VALUE RECEIVED, receipt of which is hereby acknowledged, and in consideration of the credit extended and/or monies loaned, or to be extended or loaned to *SAFETY SIGNAL OF TENNESSEE, INC.* hereinafter referred to as BORROWER, the undersigned jointly and severally if more than one, hereby absolutely and unconditionally guarantee prompt payment when due at all times thereafter of any and all existing and future indebtedness and inability of every kind, nature, and character (including all renewals, extensions, and modifications thereof) from BORROWER to *CONE OIL CO., INC.* (hereinafter referred to as CORP.) its successors and assigns, howsoever and whensoever created, or rising, or evidenced, or acquired—this guaranty should be limited to amounts not exceeding at any given date, the aggregate sum of *$2,500.00* Dollars.

The undersigned waive notice of acceptance of this guaranty and notice of any liability to which it may apply and waive presentment, demand for payment, protest, notice of dishonor, or nonpayment of any liabilities, suit or taking of other action by CORP. against, and any other notice to, any party liable thereon (including the undersigned).

This guaranty is a continuing one and all liability to which it applies or may apply under the terms hereof shall be conclusively presumed to have been created in reliance hereon.

. . . . .

CORP. may enforce this obligation against any one or more of the undersigned. The failure of any other person or entity to sign this or another guaranty shall not release any of the undersigned and discontinuance of this or any other guaranty as to one or more of the undersigned shall not operate as the discontinuance as to any other of the undersigned.

Dated this OCTOBER day of TWENTY–THIRD, 1981.

ATTEST:

s/s Peggy Gambill       s/s Thomas E. Green
                   President, Safety Signal of Tenn.

The words "Safety Signal of Tennessee" and "Cone Oil Co., Inc." and the figures, 2,500 were inserted in blanks with a typewriter. The form contains two lines for signatures of guarantors. On the first line is the signature, Thomas E. Green, in script. On the second line, the words, "President, Safety Signal of Tenn., In" are printed by hand with an ink pen.

It is significant that Safety Signal of Tennessee is designated as "borrower", and the word "borrower" is used thereafter only to indicate the principal obligor. On the other hand, the guarantor(s) is referred

to throughout the instrument as "undersigned."

Appellant relies upon his testimony that his intention was to sign for the corporation and not as an individual. No other evidence is cited as to the mutual intent of both parties.

■ A secret, unexpressed intent of one party to a contract is not binding upon the other party who has no notice of the secret intent. *Ward v. Berry & Associates, Inc.,* Tenn.App.1981, 614 S.W.2d 372.

There is evidence that plaintiff required a guaranty of the obligations of Signal arising from its purchase from Cone. A guaranty obligating only the corporation would not in any way add security to the obligation of the corporation, because the corporation was already fully obligated as principal.

■ The very nature of a guaranty is the obligation of a guarantor in addition to the obligation to be secured. *Villines v. Parham-Lindsey Grocery Company* —6 Tenn.App. 254 (1927).

Appellant cites authority that, ordinarily, when an officer signs in his official capacity, the corporation is bound. However, this principal applies when the signature is upon a principal obligation of the corporation and not a collateral guaranty of the obligation of the corporation. As discussed above, a guaranty of one's own obligation is an exercise in futility.

In *Anderson v. Davis,* 34 Tenn.App. 116, 234 S.W.2d 368 (1950), the suit was for breach of a construction contract signed "Central Coal Company by E.J. Davis, President". The contract stated in its first paragraph:

> This contract entered into between Central Coal Company, E.J. Davis, President, of Combs, Kenturky, and hereinafter referred to as "The Company", and J.M. Anderson and Son, of Cookeville, Tennessee, hereinafter referred to as "The Contractor".

The issue in the cited case was whether Davis contracted as an individual under the trade name, Central Coal Company, or whether Davis signed the contract as president of a corporation called Central Coal Company. This Court affirmed a judgment dismissing Davis.

The cited case is distinguishable from the present case on a number of grounds. In the cited case, there was no guaranty. The corporation was named in the body of the contract as one of the contracting parties. In the present case, the corporation is not named in the contract as one of the contracting parties, it is named only for the purpose of identifying the obligation to be guaranteed, i.e., the debt of Signal to Cone. At no point in the guaranty agreement does signal obligate itself to do anything. Signal's obligation was to be incurred in a separate transaction or transactions with Cone. The guaranty agreement is between "undersigned" (Greene) and Cone, not between "borrower" and Cone.

In the cited case, the name of the corporation was signed first, and under it the name of the corporate official as follows:

Central Coal Company

By (s) E.J. Davis, president.

It is to be inferred from the above that the words, "Central Coal Company, By", were typed and the remainder of the signature was in script. In the present case, the word, "By", does not appear in the signature; and the name of the corporation and title were printed in hand, not typed.

It is possible for an officer of a corporation to avoid personal liability by signing his name and adding his title and the name of the corporation. However such a signature does not produce the presumptive effect of a signature in which the name of the corporation appears first followed by the word, "by" or "per" and the name of the corporation. In the former case, additional evidence, such as test of the instrument or evidence of the joint intent of the parties, would be required to establish that only the corporation was to be bound. In the latter case, the intention of the parties is self evident from the form of the signature.

Occasionally, the corporate officer will sign his name first followed by his title, the word, "for", and the name of the corporation. The use of the work, "for", is as clearly indicative of intent as the words "by" or "per".

 The omission of the word "for" from the signature in the present case prevents the signature from clearly indicating the representative character of the signature of appellant.

In 17–A C.J.S., Contracts, § 347, p. 341 is found the following text:

...the use of words which are descriptio personae under a party's signature will not cause the contract to be regarded as being in any other than his individual capacity unless it appears from the whole instrument or from competent evidence where parol evidence is admissible,—that the contract was to bind the party signing it only in a limited or particular capacity.

See also 3 AM Jur 2d, Agency §§ 19D, 191, 192, 193, pp. 573, 574, 575, 576.

It does not appear from the instrument or from competent evidence that the parties both understood that Green was signing in a representative capacity only.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the appellant. The cause is remanded to the Trial Court for enforcement of the judgment and any other proceedings which may be necessary and proper.

Affirmed and remanded.

LEWIS and CONNER, JJ., concur.