# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
September 1, 2010 Session

## 84 LUMBER COMPANY v. R. BRYAN SMITH, ET AL.

**Appeal from the Circuit Court for Washington County**
**No. 27548      Jean A. Stanley, Judge**

---

**No. E2010-00292-COA-R3-CV - FILED OCTOBER 28, 2010**

---

84 Lumber Company ("84 Lumber") sued R. Bryan Smith ("Smith") and Allstates Building Systems, LLC ("Allstates") for a balance owed on an open account. Both sides filed motions for summary judgment. The Circuit Court granted 84 Lumber summary judgment, and entered a judgment against Smith and Allstates in the amount of $27,611.31 plus attorney's fees and costs in the amount of $6,500.00. Smith appeals to this Court. We find that Smith did not sign the credit application in his personal capacity and, therefore, did not guarantee Allstates' debt. We reverse the grant of summary judgment against Smith, and grant summary judgment to Smith. We affirm the grant of summary judgment against Allstates.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed, in part; Affirmed, in part; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY, J. joined. CHARLES D. SUSANO, JR., J. separate concurring and dissenting opinion.

Rick J. Bearfield, Johnson City, Tennessee, for the appellant, R. Bryan Smith.

John M. Neal, Knoxville, Tennessee, for the appellee, 84 Lumber Company.

# OPINION

## Background

84 Lumber sued Smith and Allstates in the General Sessions Court for Washington County alleging that Smith and Allstates were indebted to 84 Lumber for approximately $23,000 on an open account that was past due and owing. The General Sessions Court dismissed the claims against both defendants after a trial.

84 Lumber then appealed to the Circuit Court ("Trial Court") for Washington County. Both 84 Lumber and Smith filed motions for summary judgment. The operative document in this case is the commercial credit application, which provides, in pertinent part:

> BY SIGNING BELOW I HEREBY CERTIFY THAT I AM THE OWNER, GENERAL PARTNER OR PRESIDENT OF THE ABOVE BUSINESS, AND I DO UNCONDITIONALLY AND IRREVOCABLY PERSONALLY GUARANTEE THIS CREDIT ACCOUNT AND PAYMENTS OF ANY AND ALL AMOUNTS DUE BY THE ABOVE BUSINESS. AND THAT I HAVE READ ALL OF THE TERMS AND CONDITIONS ON THE REVERSE SIDE OF THIS APPLICATION AND UNDERSTAND AND AGREE TO THE SAME. AND THAT ALL OF THE INFORMATION CONTAINED IN THIS APPLICATION IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

Below the above quoted paragraph there is a line for the "Applicant" to sign, which Smith executed as "R. Bryan Smith, President." The "Applicant" is identified at the top of the credit application as Allstate Building System, LLC.

After a hearing on the motions for summary judgment, the Trial Court entered its order on December 16, 2009 finding and holding that Smith had personally guaranteed Allstates' debt. The Trial Court granted summary judgment to 84 Lumber and entered a judgment against Smith and Allstates in the amount of $27,611.31 plus attorney's fees and costs in the amount of $6,500.00. Smith appeals to this Court.

## Discussion

Although not stated exactly as such, Smith raises one issue on appeal: whether the Trial Court erred in granting summary judgment to 84 Lumber against Smith and not granting summary judgment to Smith.

Our Supreme Court reiterated the standard of review in summary judgment cases as follows:

> The scope of review of a grant of summary judgment is well established. Because our inquiry involves a question of law, no presumption of correctness attaches to the judgment, and our task is to review the record to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Cent. S.*, 816 S.W.2d 741, 744 (Tenn. 1991).

> A summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). The party seeking the summary judgment has the ultimate burden of persuasion "that there are no disputed, material facts creating a genuine issue for trial . . . and that he is entitled to judgment as a matter of law." *Id*. at 215. If that motion is properly supported, the burden to establish a genuine issue of material fact shifts to the non-moving party. In order to shift the burden, the movant must either affirmatively negate an essential element of the nonmovant's claim or demonstrate that the nonmoving party cannot establish an essential element of his case. *Id*. at 215 n.5; *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 8-9 (Tenn. 2008). "[C]onclusory assertion[s]" are not sufficient to shift the burden to the non-moving party. *Byrd*, 847 S.W.2d at 215; *see also Blanchard v. Kellum*, 975 S.W.2d 522, 525 (Tenn. 1998). Our state does not apply the federal standard for summary judgment. The standard established in *McCarley v. West Quality Food Service*, 960 S.W.2d 585, 588 (Tenn. 1998), sets out, in the words of one authority, "a reasonable, predictable summary judgment jurisprudence for our state." Judy M. Cornett, *The Legacy of Byrd v. Hall: Gossiping About Summary Judgment in Tennessee*, 69 Tenn. L. Rev. 175, 220 (2001).

> Courts must view the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). A grant of summary judgment is appropriate only when the facts and the reasonable inferences from those facts would permit a reasonable person to reach only one conclusion. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). In making that assessment, this Court must discard all countervailing evidence. *Byrd*, 847 S.W.2d at 210-11. Recently, this Court confirmed these principles in *Hannan*.

*Giggers v. Memphis Housing Authority*, 277 S.W.3d 359, 363-64 (Tenn. 2009).

In resolving a dispute concerning contract interpretation, our task is to ascertain the intention of the parties based upon the usual, natural, and ordinary meaning of the contract language. *Planters Gin Co. v. Fed. Compress & Warehouse Co., Inc.*, 78 S.W.3d 885, 889-90 (Tenn. 2002)(citing *Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999)). A determination of the intention of the parties "is generally treated as a question of law because the words of the contract are definite and undisputed, and in deciding the legal effect of the words, there is no genuine factual issue left for a jury to decide." *Planters Gin Co.*, 78 S.W.3d at 890 (citing 5 Joseph M. Perillo, *Corbin on Contracts*, § 24.30 (rev. ed. 1998); *Doe v. HCA Health Servs. of Tenn., Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001)).

As pertinent to this appeal, Tenn Code Ann. § 29-2-101 provides:

**29-2-101. Writing required for action.** – (a) No action shall be brought:

\* \* \*

(2) To charge the defendant upon any special promise to answer for the debt, default, or miscarriage of another person;

\* \* \*

unless the promise or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person lawfully authorized by such party.

Tenn. Code Ann. § 29-2-101 (Supp. 2009).

As this Court has stated:

The general rule is that a corporate officer's signature preceded by a corporation's name and followed [by] a designation of the signature's corporate capacity is evidence that the officer was acting as an agent of the corporation. *See Bill Walker & Assoc., Inc. v. Parrish*, 770 S.W.2d 764, 770 (Tenn. App. 1988). This general rule, however, does have exceptions when the contract reveals a different intention. *Id*.

It is possible for an officer of a corporation

-4-

to avoid personal liability by signing his name and adding his title and the name of the corporation. However such a signature does not produce the presumptive effect of a signature in which the name of the corporation appears first followed by the word, "by" or "per" and the name of the corporation. In the former case, additional evidence, such as test of the instrument or evidence of the joint intent of the parties, would be required to establish that only the corporation was to be bound. In the latter case, the intention of the parties is self evident from the form of the signature.

*Cone Oil Co., Inc. v. Green*, 669 S.W.2d 662, 664 (Tenn. App. 1983).

*Fleet One, LLC v. Cook*, No. M2001-03048-COA-R3-CV, 2002 Tenn. App. LEXIS 395, at \*\*6-7 (Tenn. Ct. App. June 5, 2002), *no appl. perm. appeal filed*.

To begin, we note that in its brief on appeal 84 Lumber cites Pennsylvania law in addition to Tennessee law. The contract in the instant case states that it is to be construed in accordance with Pennsylvania law. In the Trial Court, however, neither party raised an issue regarding whether Pennsylvania law should be applied. Instead, both parties cited Tennessee law to the Trial Court, and the Trial Court, not surprisingly, applied Tennessee law. Because this issue was raised for the first time on appeal, we consider it waived, and we will apply Tennessee law. *See Crossley Const. Corp. v. Nat. Fire Ins. Co. of Hartford* wherein we stated:

Except for some limited exceptions not applicable here, we will not consider issues, let alone claims, raised for the first time on appeal. *See City of Cookeville ex rel. Cookeville Reg'l Med. Ctr. v. Humphrey*, 126 S.W.3d 897, 905-06 (Tenn. 2004) (noting the general rule that "questions not raised in the trial court will not be entertained on appeal." (quoting *Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983))).

*Crossley Const. Corp. v. Nat. Fire Ins. Co. of Hartford*, 237 S.W.3d 652, 656 (Tenn. Ct. App. 2007).

We next note that both parties cite to several cases that involve a guaranty

document containing a signature or signatures separate and apart from the contract with its signature or signatures that formed the underlying indebtedness. *E.g., Kelso Oil Co., Inc. v. East West Truck Stop, Inc.*, 102 S.W.3d 655 (Tenn. Ct. App. 2002); *Kubota Tractor Corp. v. Fugate Implement Co., Inc.*, 1989 Tenn. App. LEXIS 398 (Tenn. Ct. App. June 2, 1989), *no appl. perm. appeal filed*; *Cone Oil Co., Inc. v. Green*, 669 S.W.2d 662 (Tenn. Ct. App. 1983). In the case now before us on appeal we are faced with a situation wherein the one signature at issue appears only on the document which created the contractual indebtedness. There is no separate guaranty document and no separate signature involved in this case. As such we find these cited cases to be easily distinguishable from the instant case.

84 Lumber argues on appeal, in part, that *Creative Resource Management, Inc. v. Soskin*, should control the outcome in this case because the language in the *Creative Resource Management, Inc.* contract was similar to the language contained in the contract in the instant case. *Creative Resource Management, Inc. v. Soskin*, No. 01-A-01-9808-CH-00016, 1998 Tenn. App. LEXIS 788 (Tenn. Ct. App. Nov. 25, 1998), *no appl. perm. appeal filed*. Importantly, however, the contract in *Creative Resource Management, Inc.* also contained definitions for pronouns used within the contract and the entire contract read in light of those defined terms compelled the result that the signator had signed in his personal capacity and was personally liable for the debt.

In contrast, the contract in the case now before us does not contain any definitions for the terms used within the contract. A careful reading of the contract, however, shows that on its second page the contract makes a distinction between the terms 'Applicant' and 'Guarantor.' Specifically, while the majority of the contract provisions refer only to the 'Applicant,' paragraphs eight and nine contain the language: "APPLICANT AND PERSONAL GUARANTOR(S) AGREE …," and "Applicant and Personal Guarantor(s) hereby authorize …" respectively. Smith signed the contract on the signature line labeled "Applicant" and added his title of "President" after his signature. Smith did not sign the contract in any other place.

We find this case to be factually analogous to *Fleet One, LLC v. Cook*, No. M2001-03048-COA-R3-CV, 2002 Tenn. App. LEXIS 395 (Tenn. Ct. App. June 5, 2002), *no appl. perm. appeal filed*; and *Topline Auto. Eng'g, Inc. v. Arney*, C.A. 66, 1989 Tenn. App. LEXIS 28 (Tenn. Ct. App. Jan. 20, 1989), *no appl. perm. appeal filed*. In *Fleet One, LLC*, the contract contained the words: "I assume personal and individual responsibility and liability, and guarantee payment of all charges due and payable …." *Fleet One, LLC*, 2002 Tenn. App. LEXIS 395 at *3. The contract in *Topline Auto. Eng'g, Inc.* contained the following language: "the undersigned does jointly and severally personally guarantee to pay and be responsible for payment of all sums, balances, and accounts due seller by buyer …." *Topline Auto. Eng'g, Inc.*, 1989 Tenn. App. LEXIS 28 at *1.

Despite the personal guarantee language, in both the *Fleet One, LLC* contract and the *Topline Auto. Eng'g, Inc*. contract, this Court held that the signator in each case had signed in a representative capacity only and not in a personal capacity. Specifically, the *Fleet One, LLC* contract was found to be too vague to constitute a personal guarantee with "no logical variation between the debtor and guarantor." *Fleet One, LLC*, 2002 Tenn. App. LEXIS 395 at *10. In *Topline Auto. Eng'g, Inc.*, this Court determined that two signatures were required "one, for the credit application, and another for the guaranty," but that only one signature appeared on the document. *Topline Auto. Eng'g, Inc.*, 1989 Tenn. App. LEXIS 28 at *3.

In the case now before us on appeal, a careful and thorough reading of the entire contract supports the conclusion that Smith signed the contract only for the "Applicant," Allstates, in his capacity as the president of the "Applicant." There is no question but that the "Applicant" in the contract is Allstates. It was this signature of Smith as president of Allstates that bound Allstates to its obligations under the contract, including liability for reasonable attorney fees if the "ACCOUNT IS PLACED FOR COLLECTION." It is clear that the Trial Court properly found Allstates contractually liable under the contract signed by Smith as president of Allstates. The Trial Court granted judgment against not just Smith but also against Allstates "in the amount of $27,611.31, together with Plaintiff's reasonable attorney's fees and costs in the amount of $6500.00." The only basis the Trial Court had for awarding attorney fees against Allstates in 84 Lumber's judgment was the specific provision contained in the credit application providing for reasonable attorney fees. The Trial Court found that Allstates was contractually obligated for the attorney fees as provided in the credit application based upon Smith's signature as president of Allstates. Unless Smith signed the credit application on behalf of Allstates, there would be no legal basis for awarding 84 Lumber its attorney fees against Allstates as the Trial Court did.

In order for Smith also to have been personally liable under this contract, Smith needed to have executed the contract a second time showing that he was signing as the guarantor and not for the "Applicant." This he did not do. There is no writing signed by Smith showing that he would answer for the debt of Allstates. We, therefore, hold that Smith cannot be held personally liable on this debt. We reverse the summary judgment against Smith.

There are no genuine disputed issues of material fact, and, as a matter of law, Smith cannot be held liable for Allstate's debt. We, therefore, grant summary judgment in favor of Smith. The remainder of the Trial Court's judgment is affirmed.

## **Conclusion**

The judgment of the Trial Court granting summary judgment to 84 Lumber against Smith is reversed, and Smith is granted summary judgment. The remainder of the judgment is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellee, 84 Lumber Company.

_____
D. MICHAEL SWINEY, JUDGE