IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
September 1, 2011 Session

## 84 LUMBER COMPANY v. R. BRYAN SMITH ET AL.

**Appeal by Permission from the Court of Appeals, Eastern Section**
**Circuit Court for Washington County**
**No. 27548     Jean A. Stanley, Judge**

_____

**No. E2010-00292-SC-R11-CV - Filed December 12, 2011**

_____

The president of a company signed a commercial credit application. The application contained language immediately above the signature line stating that the individual signing the contract personally guaranteed amounts owed to the vendor. The company defaulted on the balance of the account, and the vendor filed suit against both the company and the president. The trial court granted summary judgment to the vendor, holding that the president had signed the contract both personally and in a representative capacity. The Court of Appeals reversed, holding that the president had signed the contract only in a representative capacity and granted summary judgment to the president. We hold that the application contained explicit language sufficient to bind the president as an individual guarantor of the contract. We reverse the Court of Appeals.

**Tenn. R. App. P. 11 Appeal by Permission;**
**Judgment of the Court of Appeals Reversed**

JANICE M. HOLDER, J., delivered the opinion of the Court, in which CORNELIA A. CLARK, C.J., and GARY R. WADE, WILLIAM C. KOCH, JR., and SHARON G. LEE, JJ., joined.

John Murray Neal, Knoxville, Tennessee, for the appellant, 84 Lumber Company.

Rick Jay Bearfield, Johnson City, Tennessee, for the appellee, R. Bryan Smith.

**OPINION**

I. Facts and Procedural History

Allstates Building Systems, LLC ("Allstates") applied for a credit account with 84 Lumber Company ("84 Lumber"). The commercial credit application identifies Allstates as a limited liability company and R. Bryan Smith as its president. The application contains the following statement immediately above the signature line:

> BY SIGNING BELOW I HEREBY CERTIFY THAT I AM THE OWNER, GENERAL PARTNER OR PRESIDENT OF THE ABOVE BUSINESS, AND I DO UNCONDITIONALLY AND IRREVOCABLY PERSONALLY GUARANTEE THIS CREDIT ACCOUNT AND PAYMENTS OF ANY AND ALL AMOUNTS DUE BY THE ABOVE BUSINESS, AND THAT I HAVE READ ALL OF THE TERMS AND CONDITIONS ON THE REVERSE SIDE OF THIS APPLICATION AND UNDERSTAND AND AGREE TO THE SAME, AND THAT ALL OF THE INFORMATION CONTAINED IN THIS APPLICATION IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

(capitalization in original). Below this language, Mr. Smith signed the application as "R. Bryan Smith, President." 84 Lumber accepted the application and extended credit to Allstates.

On November 7, 2009, 84 Lumber filed suit against Allstates and Mr. Smith in the General Sessions Court for Washington County seeking principal and interest in the amount of $23,178.56. The General Sessions Court dismissed the case as to both defendants.

84 Lumber properly perfected an appeal to the Circuit Court for Washington County. Both 84 Lumber and Mr. Smith filed motions for summary judgment. The trial court found that Mr. Smith had agreed to be personally liable for the account balance, granted 84 Lumber summary judgment as to the liability of Mr. Smith and Allstates, and denied Mr. Smith's motion for summary judgment. The trial court entered a judgment for principal and interest in the amount of $27,611.31 plus $6,500 in attorney's fees.[1]

---

[1] Paragraph 8 of the contract contains a provision whereby "IF THIS ACCOUNT IS PLACED FOR COLLECTION, APPLICANT AND PERSONAL GUARANTOR(S) AGREE TO PAY [84 LUMBER] REASONABLE ATTORNEY'S FEES AND COSTS." (capitalization in original.)

Only Mr. Smith appealed the judgment of the trial court. The Court of Appeals reversed the grant of summary judgment in favor of 84 Lumber and granted summary judgment in favor of Mr. Smith, holding that Mr. Smith had signed the application only as the representative of Allstates and was not personally liable for the debt.[2] We granted 84 Lumber permission to appeal.

## II. Analysis

In this case, we are asked to determine whether Mr. Smith's signature on the credit application can bind him in both a representative capacity and as a guarantor to the contract or whether he can be bound as a guarantor only if he signed the application a second time in his individual capacity. The Court of Appeals has reached differing conclusions in unpublished cases. Compare Creative Res. Mgmt., Inc. v. Soskin, No. 01A01-9808-CH-00016, 1998 WL 813420 (Tenn. Ct. App. Nov. 25, 1998) (requiring only one signature), with Fleet One, LLC v. Cook, No. M2001-03048-COA-R3-CV, 2002 WL 1189559 (Tenn. Ct. App. June 5, 2002) (requiring two signatures).

The Statute of Frauds requires that a contract to pay the debts of another must be signed by the guarantor. See Tenn. Code Ann. § 29-2-101(a)(2) (2000). In most cases, a representative who signs a contract is not personally bound to the contract. See Dominion Bank of Middle Tenn. v. Crane, 843 S.W.2d 14, 19 (Tenn. Ct. App. 1992); Anderson v. Davis, 234 S.W.2d 368, 369-70 (Tenn. Ct. App. 1950). A representative who signs a contract may be personally bound, however, when the clear intent of the contract is to bind the representative. See Lazarov v. Klyce, 255 S.W.2d 11, 14 (Tenn. 1953) (citing Pope v. Landy, 1 A.2d 589 (Del. Super. Ct. 1938) ("Whether or not a particular contract shows a clear intent that one of the parties was contracting as an individual or in a representative capacity, must be determined from the contract itself.").

When we interpret a contract, our role is to ascertain the intention of the parties. Guiliano v. Cleo, Inc., 995 S.W.2d 88, 95 (Tenn. 1999). The intention of the parties is based on the ordinary meaning of the language contained within the four corners of the contract. Kiser v. Wolfe, ___ S.W.3d ___, ___ (Tenn. 2011); see Planters Gin Co. v. Fed. Compress & Warehouse Co., 78 S.W.3d 885, 889-90 (Tenn. 2002). The interpretation of a contract is a matter of law, which we review de novo with no presumption of correctness. Barnes v. Barnes, 193 S.W.3d 495, 498 (Tenn. 2006).

The language in the application is unambiguous. The first sentence states: "BY SIGNING BELOW I HEREBY CERTIFY THAT I AM THE OWNER, GENERAL

---

[2] Judge Charles D. Susano, Jr., filed a dissenting opinion.

PARTNER OR PRESIDENT OF THE ABOVE BUSINESS, . . . ." The instructions on the first page of the contract state, "If the Applicant is a corporation, then President must sign the application." The purpose of this language is clear. A non-natural entity can act only through the authority of a natural person. Old Hickory Eng'g & Mach. Co. v. Henry, 937 S.W.2d 782, 785 (Tenn. 1996). The language is a certification that the individual signing the contract has the authority to sign the contract in a representative capacity for the company.

Immediately following this clause is the language, "I DO UNCONDITIONALLY . . . PERSONALLY GUARANTEE THIS CREDIT ACCOUNT AND PAYMENTS OF ANY AND ALL AMOUNTS DUE BY THE ABOVE BUSINESS." This language is also unambiguous. It establishes that the person signing the application agrees to serve as the guarantor of the account established for the benefit of the "above business." The language clearly distinguishes between "I," the person signing the contract, and the "above business." The contract also contains terms and conditions that apply to both the "applicant" and the "personal guarantor."[3] These provisions demonstrate that the parties intended that the individual who signed the contract agreed to be personally responsible for amounts owed on the contract.

It is a bedrock principle of contract law that an individual who signs a contract is presumed to have read the contract and is bound by its contents. See Giles v. Allstate Ins. Co., 871 S.W.2d 154, 157 (Tenn. Ct. App. 1993); see also Beasley v. Metro. Life Ins. Co., 229 S.W.2d 146, 148 (Tenn. 1950). To hold otherwise would make contracts not "'worth the paper on which they are written.'" Beasley, 229 S.W.2d at 148 (quoting Upton v. Tribilcock, 91 U.S. 45, 50 (1875)). In this case, the clear and unambiguous language reflects that Mr. Smith both signed in a representative capacity and personally guaranteed the contract.

A motion for summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Kinsler v. Berkline, LLC, 320 S.W.3d 796, 801 (Tenn. 2010). The explicit and unambiguous language of the contract points to only one conclusion: Mr. Smith agreed to be personally responsible for the amounts due on the account. We conclude that 84 Lumber is entitled to summary judgment as to the personal liability of Mr. Smith on the account.

---

[3] The first paragraph of the Terms and Conditions indicates that the Applicant and Personal Guarantor(s) agree to accept credit extended by 84 Lumber under the "following terms and conditions." Paragraph 9 states that the Applicant and Personal Guarantor(s) authorize banks and other financial institutions to furnish credit information to 84 Lumber. Paragraph 16 indicates that the Applicant and Personal Guarantor(s) waive the right to a jury trial. See also note 1.

## III.  Conclusion

We reverse the Court of Appeals and reinstate the judgment of the trial court.  Costs of this appeal are taxed to the appellee, R. Bryan Smith, for which execution may issue, if necessary.

_____
JANICE M. HOLDER, JUSTICE