IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 7, 2017 Session

## IN RE ESTATE OF ALFRED C. DIVINEY, SR.

**Appeal from the Probate Court for Davidson County**
**No. 15P-1234     Randy M. Kennedy, Judge**

_____

### No. M2017-00739-COA-R3-CV

_____

In an agreed order settling a widow's claim for exempt property and homestead against her husband's estate, the parties included language that they were settling "all claims that the Petitioner asserted or might have asserted in the Petition." When the widow subsequently petitioned for a year's support and elective share, the trial court held that her claim was barred by res judicata. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which THOMAS R. FRIERSON, II, and W. NEAL MCBRAYER, JJ., joined.

Alan C. Housholder, Nashville, Tennessee, for the appellant, Audrey Diviney.

Richard Horton Frank, III, and Katlin Anne Ryan, Nashville, Tennessee, for the appellee, Frances Colleen Couey Diviney.

### MEMORANDUM OPINION[1]

#### FACTUAL AND PROCEDURAL BACKGROUND

Alfred C. Diviney, Sr., died intestate on July 19, 2015. He was survived by his wife, Audrey, and three adult children. Frances Diviney, mother of the three children,

_____

[1] Tennessee Court of Appeals Rule 10 states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

and Alfred divorced in 1985. Audrey was appointed administratrix of Alfred's estate on August 12, 2015.

On August 19, 2015, Frances filed a verified claim against the estate for child support that Alfred had failed to pay her during his lifetime as well as interest at the statutory rate. Frances's total claim, as amended in October 2015, amounted to $208,193.10 plus interest from July 19, 2015 until the claim was paid. Audrey filed an exception to the claim on January 14, 2016.

While the child support claim was pending, on January 21, 2016, Audrey filed a "Petition to Award Exempt Property, Etc. and Application for Homestead." On March 4, 2016, the trial court entered an agreed order "upon the agreement of the Petitioner [Audrey] and Frances Diviney to compromise and settle all claims that the Petitioner asserted or might have asserted in the Petition." In the agreed order, the parties listed the items to be awarded to Audrey as exempt property and fixed the homestead allowance at $5,000. Audrey's petition for exempt property and homestead was dismissed with prejudice. Then, on April 5, 2016, Audrey filed a petition for a year's support and elective share.

The trial court held a hearing on Frances's claim for child support on May 16, 2016. The trial court allowed the claim and entered judgment in the amount of $58,076.00 in principal, $150,117.10 in interest through the date of Alfred's death, and $5,766.23 in interest accrued from the date of Alfred's death until May 16, 2016. Frances also received an award of her costs and attorney fees.

Frances filed an answer to Audrey's petition for a year's support and elective share on June 15, 2016. She asserted defenses including res judicata and claim preclusion. On July 26, 2016, Audrey filed a motion for partial summary judgment asserting that res judicata did not preclude her from seeking her year's support and elective share. Frances filed a cross motion for summary judgment on August 16, 2016, asking the court to dismiss Audrey's petition for a year's support and elective share on the grounds of res judicata and claim preclusion.

The trial court heard the parties' motions on November 7, 2016, and on November 21, 2016, the court entered an order granting Frances's motion to dismiss Audrey's petition for an elective share and year's support on the grounds of res judicata. The trial court made the following conclusions of law:

1. Nothing in T.C.A. § 30-2-101 governing claims for exempt property, T.C.A. § 30-2-209 governing homestead, T.C.A. § 30-2-102 governing year's support or T.C.A. § 31-4-101 governing elective share that requires the claims to be asserted at the same time.

- 2 -

2. Notwithstanding the conclusion of law in paragraph 1, above, asserting all such claims that might be asserted in the same petition "promotes finality in litigation, prevents inconsistent or contradictory judgments, conserves judicial resources, and protects litigants from the cost and vexation of multiple lawsuits." *Jackson v. Smith*, 387 S.W.3d 485 (Tenn. 2012).

3. Frances Diviney was entitled to rely on the language used in the Agreed Order that the agreement of the Petitioner was one to compromise and settle all claims that the Petitioner asserted or might have asserted in the Petition for Exempt Property and Homestead. *Jackson v. Smith*, 387 S.W.3d 485 (Tenn. 2012).

4. The Agreed Order was a final judgment because it "is one that resolves all issues in the case, 'leaving nothing else for the trial court to do.' (citations omitted) [and] . . . it adjudicated all the claims raised in the pleadings and the rights and liabilities of all the parties." *In re: Estate of Ridley*, 270 S.W.3d 37, 40 (Tenn. 2008).

5. The holding in the case of *In re: Estate of John J. Goza*, No. W2013-00678-COA-R3-CV, 2014 WL 7235166 (Tenn. Ct. App. Dec. 19, 2014) is not applicable to the case at bar, because the holding was limited by the Court to the specific facts related to the issue of the finality of an order addressing who should serve as the personal representative of the estate.

6. The Petitioner is precluded from re-litigating claims that were or might have been litigated in the Petition for Exempt Property and Homestead because the Agreed Order was a final judgment." [sic] *Jackson v. Smith*, 387 S.W.3d 485 (Tenn. 2012); *In re Estate of Ridley*, 270 S.W.3d 37, 40 (Tenn. 2008).

7. The Petitioner is also precluded from re-litigating claims that were or might have been litigated in the Petition for Exempt Property and Homestead because the language used in the Agreed Order reflected the intention of the parties to settle all of the claims which might have then been litigated.

8. The affirmative defense of res judicata or claim preclusion asserted by Frances Diviney in her Response in Opposition to the Petition for Elective Share and Year's Support should therefore be sustained.

Audrey now appeals from the trial court's decision. Although her brief states three issues for our review, we believe there is a single dispositive issue: Whether the agreed order barred Audrey's petition for a year's support and elective share.

STANDARD OF REVIEW

Whether a party is entitled to summary judgment is a matter of law, which means that we review the trial court's judgment de novo, according the trial court's decision no

- 3 -

presumption of correctness. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008); *Blair v. W. Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." TENN. R. CIV. P. 56.04. As the Supreme Court explained in *Rye v. Women's Care Center of Memphis, MPLLC*, 477 S.W.3d 235 (Tenn. 2015):

> Our overruling of *Hannan* [*v. Alltel Publ'g Co.*, 270 S.W.3d 1 (Tenn. 2008)] means that in Tennessee, as in the federal system, when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense.

*Rye*, 477 S.W.3d at 264.

In determining whether a party is entitled to summary judgment, we must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of the nonmoving party. *Martin*, 271 S.W.3d at 84 (citing *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000)). "The nonmoving party's evidence must be accepted as true, and any doubts concerning the existence of a genuine issue of material fact shall be resolved in favor of the nonmoving party." *Id.* (citing *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998)). A disputed fact is material if it is determinative of the claim or defense at issue in the motion. *Id.* (citing *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993)).

ANALYSIS

The outcome of this appeal hinges upon the applicability of the doctrine of res judicata, a determination which we review de novo with no presumption of correctness. *In re Taylor B.W.*, 397 S.W.3d 105, 111 (Tenn. 2013). This doctrine "prevents a suit between the same parties or their privies on the same cause of action with respect to issues that could have been litigated in a prior suit." *Id.* (citing *Creech v. Addington,* 281 S.W.3d 363, 376 (Tenn. 2009)).

The Supreme Court provided guidance as to the reasons for res judicata and the elements required to prove the defense in the following excerpt from *Jackson v. Smith*, 387 S.W.3d 486 (Tenn. 2012):

> The doctrine of res judicata or claim preclusion bars a second suit between the same parties or their privies on the same claim with respect to all issues

which were, or could have been, litigated in the former suit. *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009); *Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn.1995) (quoting *Goeke v. Woods*, 777 S.W.2d 347, 349 (Tenn. 1989)). It is a "rule of rest," *Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn. 1976), and it promotes finality in litigation, prevents inconsistent or contradictory judgments, conserves judicial resources, and protects litigants from the cost and vexation of multiple lawsuits. *In re Estate of Boote*, 198 S.W.3d 699, 718 (Tenn. Ct. App. 2005); *Sweatt v. Tennessee Dep't of Corr.*, 88 S.W.3d 567, 570 (Tenn. Ct. App. 2002).

The party asserting a defense predicated on res judicata or claim preclusion must demonstrate (1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits. *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998); *see also Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990).

*Jackson*, 387 S.W.3d at 491.

Frances argues that this case meets the four elements required for res judicata in that (1) the parties' agreed order was rendered by a court of competent jurisdiction (Davidson County Probate Court); (2) the two suits involved the same parties (Frances, Audrey, and the estate); (3) the two suits involved the same claim or cause of action, namely Alfred's death and the distribution of his estate; and (4) the agreed order was a final judgment resolving all of the issues raised in the pleadings between the parties. Audrey does not dispute elements one, two or four, but she disagrees with Frances as to the third element. Audrey asserts that the two suits did not involve the same claim or cause of action.

Audrey asserts that her claims for elective share and year's support arise from different statutes and, therefore, are not closely related and do not arise from the same transaction or occurrence as her claims for homestead and exempt property. *See* Tenn. Code Ann. §§ 30-2-101 (surviving spouse's right to exempt property), 30-2-102 (surviving spouse's right to reasonable allowance), 30-2-209 (homestead provision allowing setting aside of $5,000 in lieu of other homestead rights), 31-4-101 (surviving spouse's right of election). In *Creech v. Addington,* 281 S.W.3d 363 (Tenn. 2009), our Supreme Court adopted the following transactional approach to determine what constitutes a cause of action for res judicata purposes: "Two suits, therefore, shall be deemed the same 'cause of action' for purposes of res judicata where they arise out of the same transaction or a series of connected transactions." *Id.* at 381. In the present case, we agree with Frances that the claims asserted in the two suits arise out of the same set of

facts—the death of Alfred and distribution of his estate. We, therefore, find that they are part of the same cause of action for res judicata purposes.[2]

Audrey further argues that the trial court erred in its interpretation of the language of the agreed order entered by the court on March 4, 2016, in which the parties agreed to "compromise and settle all claims that the Petitioner asserted or might have asserted in the Petition." Audrey takes the position that this language "applies only to the claims concerning exempt property and homestead." She further asserts that the language of the order is ambiguous and that the affidavit of her attorney indicates that, when he signed the order, he did not intend to preclude her from applying for her elective share or year's support.

We disagree with Audrey's argument. An agreed order is a contract and its interpretation is governed by the laws of contract. *City of Gatlinburg v. Kaplow*, No. E2013-01941-COA-R3-CV, 2014 WL 2194517, at *5 (Tenn. Ct. App. May 27, 2014). If the language of the contract is not ambiguous, "'the parties' intent is determined from the four corners of the contract.'" *Id.* (quoting *Ray Bell Constr. Co., Inc. v. Tenn. Dep't of*

---

[2] The cases cited by Audrey as being comparable to the case at bar are factually distinguishable from the present case. In *In re Taylor B.W.*, 397 S.W.3d at 111, the Supreme Court determined that a case involving the termination of a mother's parental rights was not the same cause of action as prior litigation in her divorce from father involving a parenting plan for their children and grandparent visitation; therefore, res judicata did not bar the parental termination action. In our case, by contrast, both lawsuits arise from the same set of operative facts: the distribution of Alfred's estate.

*In re Estate of Ralston*, No. M2012-00597-COA-R3-CV, 2013 WL 1804291, at *1 (Tenn. Ct. App. Apr. 29, 2013), is a case about a judgment creditor's claims that a decedent made fraudulent transfers of interests in real property to his wife. The decedent's wife argued that the creditor's claims were barred by res judicata based upon prior suits in which the decedent was successfully sued for misuse of a power of attorney to withdraw money from his elderly uncle's bank account for his personal use. *In re Estate of Ralston*, 2013 WL 1804291, at *5. The court rejected the wife's argument because "the rights under challenge in this lawsuit had not fully accrued at the time of the prior judgment." *Id.* Although Audrey emphasizes that she was waiting until the court's resolution of Frances's child support claim to decide whether to apply for an elective share, her entitlement to an elective share had accrued at the time of her filing of the petition for exempt property and homestead. She could have included an alternative petition for elective share and year's support in that petition.

Audrey also cites *Roberts v. Vaughn*, No. W2008-01126-COA-R3-CV, 2009 WL 1608981 (Tenn. Ct. App. June 10, 2009), for the proposition that "Frances failed to carry her burden of proof to show that the matters involving the year's support and elective share are part of the same transaction or series of connected transactions as are the matters involving exempt property and year's support." She goes on to assert: "The four widow allowances do not involve a common nucleus of operative facts which are related in time, space, origin or motivation and which form a convenient trial unit." This argument strains credulity. The four widow allowances arise out of Alfred's death and seek money from his estate. It would be inefficient and contrary to the purposes served by res judicata to consider these matters in separate proceedings. *See Jackson*, 387 S.W.3d at 491.

*Transp.*, 356 S.W.3d 384, 387 (Tenn. 2011)).  Where the contract is unambiguous, unless there is "proof of fraud, misrepresentation, undue influence [or] situations of like character, the unspoken subjective intent of a party is not relevant." *Malone & Hyde Food Servs. v. Parson*, 642 S.W.2d 157, 159 (Tenn. Ct. App. 1982); *see also Cone Oil Co., Inc. v. Green*, 669 S.W.2d 662, 664 (Tenn. Ct. App. 1983) ("A secret, unexpressed intent of one party to a contract is not binding upon the other party who has no notice of the secret intent.").  The subjective intent of Frances's attorney is not relevant because the language of the agreed order is not ambiguous.

The agreed order settles all claims that the petitioner "asserted or might have asserted" in the petition for exempt property and homestead.  This includes requests for a year's support and elective share.

CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Audrey Diviney.  Execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE